**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WIRELESS ALLIANCE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, AT&T SERVICES, INC., AND AT&T CORP.,<br><br>    Defendants,<br><br>ERICSSON INC.,<br><br>    Intervenor, | CASE NO. 2:23-cv-00095<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| WIRELESS ALLIANCE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE US, INC., AND T-MOBILE USA, INC.,<br><br>    Defendants,<br><br>ERICSSON INC.,<br><br>    Intervenor, | CASE NO. 2:23-cv-00096<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| WIRELESS ALLIANCE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., AND CELLCO PARTNERSHIP D/BA VERIZON WIRELESS,<br><br>    Defendants.<br><br>ERICSSON INC.,<br><br>    Intervenor, | CASE NO. 2:23-cv-00097<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**MOVANT-INTERVENOR ERICSSON INC.'S
UNOPPOSED MOTION FOR LEAVE TO INTERVENE**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................... 1

II. STATEMENT OF FACTS .................................................................................................. 3

III. ARGUMENT ....................................................................................................................... 4

    A. ERICSSON IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO RULE 24(a)(2). ....................................................... 5

        1. Ericsson's Motion to Intervene Is Timely. ............................................... 5

        2. Ericsson Has a Significant Interest in the Property and Transactions at Issue in This Lawsuit. ............................................................................ 6

        3. Ericsson's Ability to Protect Its Interests Will Be Impaired if It Cannot Intervene. ...................................................................................... 7

        4. AT&T Cannot Adequately Represent Ericsson's Interests in Defending Against Wireless Alliance's Infringement Allegations. ......... 8

    B. IN THE ALTERNATIVE, ERICSSON SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY. ............................................................. 9

IV. CONCLUSION.................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Brumfield v. Dodd*,
  749 F.3d 339 (5th Cir. 2014) ..................................................................................4

*Chandler & Price Co. v. Brandtjen & Kluge, Inc.*,
  296 U.S. 53 (1935)..................................................................................................2

*City of Houston v. Am. Traffic Sols., Inc.*,
  668 F.3d 291 (5th Cir. 2012) ..................................................................................5

*Codex Corp. v. Milgo Electronic Corp.*,
  553 F.2d 735, 737-38 USPQ 49 (1st Cir.), *cert. denied*, 434 U.S. 860, 54 L.
  Ed. 2d 133, 98 S. Ct. 185 (1977) ............................................................................7

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) (en banc) ...............................................................5, 6

*Ericsson Inc. v. D-Link Sys., Inc.*,
  No. 6:10-cv-473 (E.D. Tex. May 4, 2012), Dkt. No. 205........................................6

*Heaton v. Monogram Credit Card Bank of Ga.*,
  297 F.3d 416 (5th Cir. 2002) ..................................................................................8

*Intellectual Ventures I LLC v. AT&T Mobility LLC*,
  No. 12-193-LPS, 2014 U.S. Dist. LEXIS 125280 (D. Del. Sept. 8, 2014)
  (Stark, J.)................................................................................................................7

*Kahn v. Gen. Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989)...............................................................................2

*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990)..........................................................................2, 7

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
  732 F.2d 452 (5th Cir. 1984) ................................................................................10

*Newby v. Enron Corp.*,
  443 F.3d 416 (5th Cir. 2006) ..................................................................................9

*SEC v. U.S. Realty & Improvement Co.*,
  310 U.S. 434 (1940)................................................................................................9

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) ..................................................................................4

*Sierra Club v. Glickman*,
    82 F.3d 106 (5th Cir. 1996) ....................................................................................7, 8

*Stauffer v. Brooks Bros., Inc.*,
    619 F.3d 1321 (Fed. Cir. 2010) ...................................................................................4

*Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*,
    No. 3:04-cv-669 (N.D. Tex. Jan. 28, 2005), Dkt. No. 50 ..........................................6, 8

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
    No. 2:17-cv-00235-JRG, 2017 U.S. Dist. LEXIS 201769 (E.D. Tex. Dec. 7,
    2017) .........................................................................................................................7, 8

*Texas v. United States*,
    805 F.3d 653 (5th Cir. 2015) ............................................................................4, 5, 6, 8

*TiVo Inc. v. AT & T Inc.*,
    No. 2:09-cv-259, 2010 U.S. Dist. LEXIS 146363 (E.D. Tex. Mar. 31, 2010)
    ..............................................................................................................................6, 9, 10

*U.S. Ethernet Innovations, LLC v. Acer, Inc.,* 2010 U.S. Dist. LEXIS 150649, at
    *12 .............................................................................................................................10

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*,
    834 F.3d 562 (5th Cir. 2016) ........................................................................................6

**RULES**

Federal Rule of Civil Procedure 24 ........................................................................... passim

Pursuant to Federal Rule of Civil Procedure 24, Ericsson Inc. ("Ericsson") moves for leave to intervene in the above-titled action against AT&T as of right under Rule 24(a)(2), or alternatively, with permission of the Court under Rule 24(b)(1)(B) to defend allegations of infringement with respect to its base stations that were provided to AT&T ("Ericsson's Motion" or "Motion").[1]

## I.   INTRODUCTION

Plaintiff Wireless Alliance, LLC ("Wireless Alliance") sued AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp. (collectively, "Defendants" or "AT&T"), one of Ericsson's customers, on March 7, 2023, asserting a total of three patents (collectively, "Patents-in-Suit") (Dkt. No. 1 ("Pl.'s Compl.")).[2] Ericsson seeks to intervene so that the dispute between Ericsson and Wireless Alliance may be efficiently disposed of in the pending proceeding. AT&T does not oppose this Motion and Wireless Alliance does not oppose Ericsson's intervention to defend allegations of infringement with respect to Ericsson base stations.

In its complaint, Wireless Alliance alleges that AT&T infringes three patents by utilizing systems, networks, components and services that according to Wireless Alliance, include "AT&T's 4G and 5G cellular services" (Pl.'s Compl. ¶ 24, ¶ 37, ¶ 50).

Ericsson provides AT&T with certain types of network equipment, such as base stations, that allows AT&T to provide "AT&T's 4G and 5G cellular services" that Wireless Alliance accused in its Complaint (*id.* ¶ 24). As a result, this case presents a justiciable controversy as to

---

[1] In accordance with Federal Rule of Civil Procedure 24(c), a copy of Ericsson's proposed Answer in Intervention and Counterclaims is attached as Exhibit 1.

[2] On the same day, Wireless Alliance brought other actions including against *Verizon Communications Inc., et al.*, Case No. 2:22-cv-00097, and *T-Mobile USA, Inc., et al.*, Case No. 2:23-cv-00096. Ericsson is filing a motion to intervene to defend allegations of infringement with respect to its LTE/5G base stations in the Verizon and T-Mobile cases on the same grounds as this Motion.

1

Ericsson. As a designer, manufacturer, and seller of certain base stations that support the Defendant's cellular networks, Ericsson is in the best position to defend infringement claims directed to those products. "It is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see also Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 55 (1935) (noting a manufacturer's intervention in infringement action against a customer is "necessary for the protection of its interest"). The Federal Circuit recognizes the importance of customer suits, such as this one, yielding to suits raising the same claims against the product manufacturer. *See, e.g.*, *Katz*, 909 F.2d at 1464 (upholding stay of patent infringement suit against customers, stating "in reality, the manufacturer is the true defendant in the customer suit"); *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (explaining the "customer suit exception" exists because a manufacturer has a "presumed greater interest in defending its actions against charges of patent infringement").

Accordingly, Ericsson seeks to intervene because it sells equipment and technology to AT&T that AT&T uses and that Wireless Alliance has accused that use of infringement. As the designer, manufacturer, and distributor of accused equipment and technology, Ericsson has a substantial interest in the litigation and is in the best position to defend against certain of Wireless Alliance's claims with respect to its base stations. Ericsson's Motion is timely, and no existing party will suffer prejudice if Ericsson intervenes. Moreover, Ericsson's intervention to defend allegations of infringement with respect to its base stations will not result in the case being delayed. Thus, Ericsson respectfully requests the Court's permission to intervene to defend allegations of

2

infringement with respect to Ericsson base stations as a matter of right under Rule 24(a) or, alternatively, that the Court allow intervention under Rule 24(b).

## II.     STATEMENT OF FACTS

**Plaintiff Appears to Accuse AT&T Network Equipment Supplied to AT&T by Ericsson.** Wireless Alliance accuses AT&T of infringing three U.S. patents because of AT&T's use of allegedly infringing cellular wireless networks and equipment (Pl.'s Compl. ¶¶ 24, 37, 50). Ericsson supplies, among other things, equipment and technology incorporated by AT&T into these cellular networks. This network equipment and technology is required for AT&T's cellular networks to function and allow AT&T's customers to access the networks using their smartphones and other mobile equipment. In general, this network equipment and technology is interoperable with aspects of the technical standards promulgated by the 3rd Generation Partnership Project ("3GPP"). Ericsson is a member of 3GPP, and participated in the development of the standards.

Ericsson supplies several types of network equipment and technology to AT&T, and Ericsson's entry into the case will facilitate discovery related to this equipment. For example, for the Ericsson-supplied equipment, the documents and other tangible evidence, including equipment specifications, likely reside with Ericsson. The technical know-how and testimony for this equipment also likely resides with Ericsson. As a result, Ericsson's entry into the case should streamline and simplify this litigation, especially as it relates to the Ericsson-supplied network equipment and technology that supports AT&T's 4G and 5G cellular services, including Ericsson Supplied Base Stations.

In this case, Wireless Alliance identified AT&T's 4G and 5G base station as accused products. Ericsson provides base stations to AT&T, and thus, Ericsson-supplied equipment,

software and technology is integral to the resolution of this case. Ericsson has a substantial interest in protecting its technology.

**This Case Is at an Early Stage in the Litigation.** Currently, no activity has occurred in this case that weighs against intervention. Wireless Alliance filed its complaint on March 7, 2023 (Dkt. No. 1) and AT&T answered on May 26, 2023 (Dkt. No. 11). The Court set a scheduling conference for this case on July 6, 2023. (Dkt. No.20). Trial is not set until October 21, 2024, and the Markman hearing is April 10, 2024 (Dkt. 26-1). As shown, this case is at an early stage and intervention will cause no harm or delay to Wireless Alliance.

### III. ARGUMENT

There are two mechanisms by which a non-party may intervene and participate in an action: intervention as of right and permissive intervention. Federal Rule of Civil Procedure 24(a) governs intervention by right, while Rule 24(b) governs intervention by permission. The issue of intervention is not unique to patent law, and therefore, the law of the regional circuit applies. *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010) (reviewing a district court's Rule 24 intervention decision under regional circuit law). Under Fifth Circuit law, intervention is permitted where "no one would be hurt, and the greater justice could be attained." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be *liberally construed*." *Id.* at 656 (emphasis added) (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)). Ericsson is entitled to intervene to defend against Wireless Alliance's allegations of infringement with respect to Ericsson's base stations as a matter of right and, therefore, respectfully requests that the Court grant the present motion under Rule 24(a)(2), or in the alternative, permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B).

### A.   ERICSSON IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO RULE 24(a)(2).

Under Rule 24(a)(2), a movant must be permitted to intervene as a matter of right whenever four conditions are met:

(1) the application for intervention is timely;

(2) the applicant has an interest relating to the property or transaction which is the subject of the action;

(3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and,

(4) the applicant's interest is inadequately represented by the existing parties to the suit.

Fed. R. Civ. P. 24(a)(2); *Texas*, 805 F.3d at 657. This inquiry is "a flexible one," which "must be measured by a practical rather than technical yardstick." *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 293 (5th Cir. 2012) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc)). Ericsson meets the four requirements to intervene as of right under Rule 24(a).

#### 1.   Ericsson's Motion to Intervene Is Timely.

Timeliness is determined from all the facts and circumstances of a particular case, including the time from notice of the intervenor's interest to the filing of the motion to intervene, the extent of prejudice to existing parties from the timing of the motion, the extent of prejudice to the movant if leave to intervene were denied, and other special circumstances (if any exist and apply). *Edwards*, 78 F.3d at 1000. Ericsson's Motion is timely filed.

Wireless Alliance filed the original complaint in this case five months ago (on March 7, 2023). Ericsson's Motion to intervene is filed close in time to the commencement of this action and to the time that Ericsson was on notice of its interests. *See Edwards*, 78 F.3d at 1000-01 (citing Fifth Circuit intervention cases finding that delays as long as five months or more are not

5

unreasonable); *Ericsson Inc. v. D-Link Sys., Inc.*, No. 6:10-cv-473 (E.D. Tex. May 4, 2012), Dkt. No. 205 (granting Intel's partially opposed motion to intervene filed five months after the scheduling conference took place and nearly one year into the case); *Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, No. 3:04-cv-669 (N.D. Tex. Jan. 28, 2005), Dkt. No. 50 (granting intervention by right where motion was filed before scheduling order was in place).

The timing of Ericsson's Motion has not prejudiced any existing parties.[3] Neither Defendant AT&T nor Plaintiff Wireless Alliance opposes Ericsson's Motion. This non-opposition underscores the lack of prejudice to any party. Further, Wireless Alliance has no basis to claim prejudice because this proceeding is at an early stage and no significant event has taken place. *Edwards*, 78 F.3d at 1001 (considering the stage of the proceeding under the timeliness inquiry); *see also TiVo Inc. v. AT & T Inc.*, No. 2:09-cv-259, 2010 U.S. Dist. LEXIS 146363, at *18 (E.D. Tex. Mar. 31, 2010) (finding no showing of "untimeliness" under Rule 24); *Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) ("Because the Association sought intervention before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded, the Association's motion was timely"). The first factor thus weighs heavily in favor of allowing Ericsson's intervention to defend allegations of infringement with respect to Ericsson base stations.

### 2.     Ericsson Has a Significant Interest in the Property and Transactions at Issue in This Lawsuit.

A party is entitled to intervene in an action when it has "a direct, substantial, legally protectable interest in the proceedings." *Texas*, 805 F.3d at 657 (internal quotations omitted); *see*

---

[3] Alleged prejudice stemming from the actual intervention by Ericsson is different from the alleged prejudice stemming from the timing of the motion to intervene. The former alleged prejudice is irrelevant to the timing inquiry under Rule 24(a)(2). *Edwards*, 78 F.3d at 1002 ("This factor is concerned only with the prejudice caused by the applicants' delay, not that prejudice which may result if intervention is allowed.").

*also Glickman*, 256 F.3d at 376 (quoting cases). Ericsson has such an interest in this action because Ericsson manufactures, develops, and distributes key network equipment and/or software of the type that Wireless Alliance alleges infringe the patents asserted in this case when deployed and used in AT&T's networks. As the developer, manufacturer and distributor of accused technology, Ericsson has an interest in defending its technology and in clarifying the intellectual property rights that apply to such technology. *See, e.g., Team Worldwide Corp. v. Wal-Mart Stores, Inc.,* No. 2:17-cv-00235-JRG, 2017 U.S. Dist. LEXIS 201769, at *13 (E.D. Tex. Dec. 7, 2017) (finding an intervening manufacturer had an interest in "the ongoing sale and distribution of their products [which] is put at risk by [the Plaintiff's] allegations of infringement."); *see Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 12-193-LPS, 2014 U.S. Dist. LEXIS 125280, at *13 (D. Del. Sept. 8, 2014) (Stark, J.) ("[In a patent infringement suit,] intervention is necessary to enable Intervenors to protect their interest in products which Intervenors manufacture for Defendants, an interest put at risk by the litigation as Plaintiffs accuse these products of infringement."). Overall, Ericsson's interest in the issues to be litigated in this case—such as claim interpretation, validity, infringement, damages—is direct, substantial, and legally protectable.

### 3. Ericsson's Ability to Protect Its Interests Will Be Impaired if It Cannot Intervene.

Ericsson would be severely prejudiced if intervention were denied. An adverse ruling of infringement could affect Ericsson and its relationship with its customer AT&T. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.") (quoting *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737-38 USPQ 49 (1st Cir.), *cert. denied*, 434 U.S. 860, 54 L. Ed. 2d 133, 98 S. Ct. 185 (1977)). Further, an adverse ruling could potentially affect Ericsson's

7

reputation, its relationship with its other customers and its customer base. *See Team Worldwide*, 2017 U.S. Dist. LEXIS 201769, at *13 ("[A]dverse rulings could impact each proposed intervenor's relationships with other retail customers."). Ericsson must be allowed to eliminate the cloud of uncertainty that Wireless Alliance has cast over Ericsson's base station equipment, software and technology.

Moreover, an adverse decision could create precedent that could be used in other circumstances or proceedings against Ericsson or its other customers. This potential "stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention." *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 424 (5th Cir. 2002) (quoting *Sierra Club v. Glickman*, 82 F.3d 106, 109-10 (5th Cir. 1996).

### 4. AT&T Cannot Adequately Represent Ericsson's Interests in Defending Against Wireless Alliance's Infringement Allegations.

In the Fifth Circuit, a movant satisfies the requirement of showing inadequate representation if it demonstrates that the defense of the case by the existing parties may be inadequate to protect its interests. *Texas*, 805 F.3d at 661. The burden to satisfy this requirement has been described as "minimal," but not so minimal as to eliminate it. *Id.*

Although AT&T also seeks to defeat Wireless Alliance's allegations, Ericsson has interests to defend allegations of infringement with respect to Ericsson base stations above and beyond those that it shares with AT&T. *See Heaton,* 297 F.3d at 422, 425 (reversing a district court's denial of a motion to intervene and noting the intervenor had met its burden because "the [intervenor's] interests and [the defendant's interests] may diverge in the future, even though, at this moment they appear to share common ground"). For example, AT&T may be satisfied with indemnity rather than a finding of non-infringement. *Sw. Bell Tel.*, L.P., No. 3:04-cv-00669, Dkt. No. 50 at 5 (finding under the inadequate representation inquiry that manufacturer of cell phone

8

equipment should be allowed to intervene because "[the original defendant], as a customer, may be satisfied with indemnity rather than a finding of noninfringement"). As a result, Ericsson is motivated to defend its interests from Wireless Alliance's claims with respect to Ericsson base stations.

Ericsson also possesses a broad and deep understanding of its equipment and technology. Accordingly, it is the most important source of information about its equipment and is likely the keeper of potentially key, relevant documents. It would be unfair to force AT&T to litigate the issues that Ericsson best understands. *Id.* (finding under the inadequate representation inquiry that "the customer would not be the best source for providing the detailed information about the [intervenor-manufacturer's] products"). Intervention promotes both fairness and judicial economy. As a result, Ericsson is best suited to defend its interests from Wireless Alliance's claims with respect to Ericsson base stations.

Because Ericsson satisfies the Fifth Circuit's four-part test for interventions of right under Rule 24(a), the Court should grant Ericsson's Motion as a matter of right.

### B. IN THE ALTERNATIVE, ERICSSON SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY.

Ericsson alternatively requests the permission of the Court to intervene under Federal Rule of Civil Procedure 24(b), which permits a party to intervene if it "has a claim or defense that shares with the main action a common question of law or fact" and no undue delay or prejudice will result. Fed. R. Civ. P. 24(b)(1)(B); *TiVo Inc.*, 2010 U.S. Dist. LEXIS 146363, at *18. Permissive intervention presents a lower bar than intervention as a matter of right, and does not require that the intervenor even "have a direct personal or pecuniary interest in the subject of the litigation." *Newby v. Enron Corp.*, 443 F.3d 416, 423 (5th Cir. 2006) (quoting *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)).

9

For the same reasons noted above, permissive intervention for Ericsson to defend allegations of infringement with respect to Ericsson base stations is appropriate in this case. First, given that Wireless Alliance's complaint appears to be directed at least in part to network equipment and technology that Ericsson supplies to AT&T, Ericsson's defenses will involve common questions of law and fact. *TiVo Inc.*, 2010 U.S. Dist. LEXIS 146363, at *18. As noted, the issues to be litigated in this case—such as claim interpretation, validity, infringement, and damages—are common questions as to all parties. *See U.S. Ethernet Innovations*, LLC *v. Acer, Inc.,* 2010 U.S. Dist. LEXIS 150649, at *12 (granting permissive intervention where intervenor shared common questions of law and fact and similar defenses as named defendant). Thus, the threshold requirement of Rule 24(b) is met.

Second, at this early stage in the litigation, there will be no prejudice to either AT&T or Wireless Alliance if Ericsson is permitted to intervene to defend allegations of infringement with respect to Ericsson products that support AT&T 4G and 5G services. AT&T and Wireless Alliance do not oppose the motion, which underscores a lack of prejudice. Further, Ericsson does not expect any delay to result from its intervention to defend allegations of infringement with respect to Ericsson base stations. Accordingly, there will be no undue delay or prejudice.

Finally, permissive intervention is "wholly discretionary," and in the present case, judicial economy weighs in favor of intervention. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984). Ericsson likely possesses the relevant evidence about certain of the accused equipment and technology it supplies to AT&T, including equipment specifications and testimony. Ericsson likely possesses the technical know-how. Further, intervention will allow Ericsson and Wireless Alliance to resolve the disputes in the context of the pending proceedings. Thus, intervention will streamline and simplify the litigation by facilitating

discovery and promoting accurate presentation of the evidence. It would be inefficient to force AT&T to litigate the issues that Ericsson best understands.

Thus, to the extent intervention is not permitted under Fed. R. Civ. P. 24(a), Ericsson respectfully requests the Court's permission to intervene under Rule 24(b).

## IV.   CONCLUSION

For the foregoing reasons, Ericsson respectfully requests that the Court permit Ericsson to intervene to defend allegations of infringement with respect to Ericsson base stations as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B).

Dated: August 23, 2023                              Respectfully Submitted,

/s/ David S. Frist
David S. Frist (GA Bar No. 205611)
John D. Haynes (GA Bar No. 340599)
Emily C. Welch (GA Bar No. 606071)
Michael C. Deane (GA Bar No. 497195)
Sloane S. Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email: david.frist@alston.com
        john.haynes@alston.com
        emily.welch@alston.com
        michael.deane@alston.com
        sloane.kyrazis@alston.com

Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No. 19196650)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax:    (214) 922-3899
Email: ted.stevenson@alston.com

*Attorneys for Ericsson Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on August 23, 2023, via the Court's CM/ECF system.

Dated: August 23, 2023          */s/ David S. Frist*

David S. Frist (GA Bar No. 205611)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email: david.frist@alston.com

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that pursuant to Local Rules CV-7(h) and (i), counsel for Intervenor Ericsson conferred with counsel for Defendant AT&T, as well as with counsel for Plaintiff Wireless Alliance regarding this Motion and all counsel indicated that they do not oppose the relief sought herein.

Dated: August 23, 2023          */s/ David S. Frist*

David S. Frist (GA Bar No. 205611)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email: david.frist@alston.com