IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WIRELESS ALLIANCE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, AT&T SERVICES, INC., AND AT&T CORP.,<br><br>    Defendants, | CASE NO. 2:23-cv-00095<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| WIRELESS ALLIANCE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE US, INC., AND T-MOBILE USA, INC.,<br><br>    Defendants, | CASE NO. 2:23-cv-00096<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| WIRELESS ALLIANCE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., AND CELLCO PARTNERSHIP D/BA VERIZON WIRELESS,<br><br>    Defendants. | CASE NO. 2:23-cv-00097<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN OPINIONS OF DEFENDANTS' DAMAGES EXPRT, BLAKE B. INGLISH**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Mr. Inglish's Opinions Relating to FRAND Encumbrances Are Proper and Should Not Be Struck. ........................................................................................ 2

    B. Mr. Inglish's Opinions Regarding the ID-Samsung Agreement Are Proper and Should Not Be Struck. ........................................................................................ 3

    C. Mr. Inglish Is Allowed To Consider The History Of The Asserted Patents. ........... 5

    D. Mr. Inglish Is Allowed To Rely Upon Factual Information From Mr. Delgado. .... 6

    E. Mr. Inglish Has Not Relied Upon Settlement Communications For Any Purpose Prohibited Under Rule 408. ................................................................................ 8

III. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Apple Inc. v. Motorola, Inc.*,
  757 F.3d 1286 (Fed. Cir. 2014)...................................................................................................2

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014)...................................................................................................4

*Finjan, Inc. v. Secure Computing Corp.*,
  626 F.3d 1197 (Fed. Cir. 2010)...................................................................................................5

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00078-JRG, 2024 U.S. Dist. LEXIS 67260 (E.D. Tex. Apr. 12, 2024) ..............8

*Genband US LLC v. Metaswitch Networks Corp.*,
  No. 2:14-cv-33-JRG-RSP, 2016 U.S. Dist. LEXIS 2655 (E.D. Tex. Jan. 9, 2016)...............6, 7

*Gree, Inc. v. Supercell Oy*,
  No. 2:19-cv-00070-JRG-RSP, 2020 U.S. Dist. LEXIS 126858 (E.D. Tex. July 20,
  2020) ..........................................................................................................................................2

**RULES**

Fed. R. Evid. 703 ...........................................................................................................................6

Fed. R. Evid. 408 ...........................................................................................................................8

## TABLE OF EXHIBTS

| Exhibit | Description |
|---|---|
| A | Excerpts from Blake Inglish's Rebuttal Report on Damages |
| B | Excerpts from the Deposition of Blake Inglish |

I.     INTRODUCTION

While claiming that Mr. Inglish's opinions should be excluded, in part, under Rules 702 and 703 and because they are allegedly "unreliable," Wireless Alliance ("WA") makes no actual argument under Rule 702 or *Daubert* regarding Mr. Inglish's credentials, methodology, or the application of his methodology to the facts of this case. Instead, Wireless Alliance asks the Court to exclude a variety of Mr. Inglish's opinions predominantly on grounds of relevancy. But each of WA's arguments is premised on a faulty foundation. WA first asks the Court to exclude opinions relating to FRAND encumbrances of the Asserted Patents, arguing that such opinions are irrelevant because the Asserted Patents are not encumbered. But the Asserted Patents *are* FRAND encumbered, which means that Mr. Inglish's opinions on that issue are highly relevant. Next WA asks the Court to exclude certain agreements ██████████████████████ on the basis that the agreements are not "comparable." But outside of the context of discrimination, Mr. Inglish never relies on these prior licenses to inform a reasonably royalty. WA also asks the Court to exclude Mr. Inglish's opinions that were based, in part, on information provided by an alleged "undisclosed expert." But the information in question was provided by a fact witness – an Ericsson employee with first-hand knowledge – whom WA already deposed in this case. Finally, WA asks the Court to exclude references to pre-suit communications that were marked with a "Rule 408" label. But Mr. Inglish never uses those communications to prove the amount of the damages in this case, meaning his use of those materials does not violate the rule. At bottom, Wireless Alliance's Motion is little more than an attempt to scrub this case of the facts that it does not like, and its motion should be denied.

II.    **ARGUMENT**

    A.    **Mr. Inglish's Opinions Relating to FRAND Encumbrances Are Proper and Should Not Be Struck.**

Wireless Alliance argues that the Asserted Patents are not subject to FRAND obligations and, on that basis, seeks to exclude as irrelevant those opinions of Mr. Inglish that relate to or stem from the FRAND encumbrance. But, as explained in Defendants' Response to Plaintiff's Partial Motion for Summary Judgment on Defendants' FRAND Defense, which is being filed concurrently, the Asserted Patents *are* subject to FRAND commitments. And, because there is *at least* a question of material fact with respect to whether the Asserted Patents are subject to FRAND commitments, Mr. Inglish's opinions about the impact of those FRAND obligations are directly relevant to the proper measure of damages in this case.

Wireless Alliance attempts to characterize Mr. Inglish's opinions as unreliable, repeatedly characterizing them as "baseless" or "faulty" "assumptions" (*see* Mot. at 7-8). But Mr. Inglish's assumption that the patents are FRAND-encumbered was not made up. Mr. Inglish was perfectly clear in his report that he relied on the opinions of Mr. Carpenter, Defendants' expert on FRAND, who opined that the ETRI Patents are, in fact, FRAND-encumbered.



"It is perfectly acceptable for experts to rely on other experts." *Gree, Inc. v. Supercell Oy*, No. 2:19-cv-00070-JRG-RSP, 2020 U.S. Dist. LEXIS 126858, at *17 (E.D. Tex. July 20, 2020) (citing *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014)

2

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

("Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field.")).

Wireless Alliance also labels Mr. Inglish's FRAND-related opinions as "confusing, unreliable, and prejudicial" (Mot. at 8) but fails articulate any reason why. Ultimately, WA's complaint is one of relevance. There is nothing "confusing, unreliable, or prejudicial" about Mr. Inglish's FRAND-related opinions. They flow from the well-founded and correct assumption that the Asserted Patents are, in fact, FRAND-encumbered.

### B. Mr. Inglish's Opinions ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Are Proper and Should Not Be Struck.

Wireless Alliance argues that Mr. Inglish's opinions ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Moreover, to the extent that Mr. Inglish was required to establish the technical and economic comparability of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ he did so. First, it can hardly be disputed a license to the Asserted Patents is technically comparable to the hypothetical negotiation. While

3

WA argues that Mr. Inglish has no basis for his conclusion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ it requires no special technical training for one to observe that one license to the Asserted Patents is "technically comparable" to another. Common sense aside, Mr. Inglish actually provided a citation for the statement in question: discussions with Mr. Carpenter (*see* Ex. A (Inglish Rpt.), ¶ 114, n. 271). WA's suggestion that Dr. Wicker failed to provide the same conclusion to Mr. Inglish is thus irrelevant.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Moreover, to the extent there are economic differences, Mr. Inglish also accounted for those too. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Any quibbles that WA may have with the comparability of the agreement go to the weight, not the admissibility of that agreement. *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014) ("[T]he fact that a license

4

is not perfectly analogous generally goes to the weight of the evidence, not its admissibility."). Of course, WA is free to highlight any alleged flaws in Mr. Inglish's analysis through vigorous cross examination. *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1212 (Fed. Cir. 2010) ("The jury [is] entitled to hear the expert testimony and decide for itself what to accept or reject.").

### C. Mr. Inglish Is Allowed To Consider The History Of The Asserted Patents.

WA also seeks to strike references in Mr. Inglish's report to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. But WA's argument is misplaced from the start. Contrary to WA's suggestion, Mr. Inglish never opined that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ No such words (nor even the implication of them) are found in the paragraphs (¶¶38-39) of Mr. Inglish's report. At no point does Mr. Inglish opine ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

The section of Mr. Inglish's report that WA now seeks to strike is nothing but a recitation of the history of the Asserted Patents. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ WA's suggestion that this license agreement is not "related in any way to the facts of this case" is preposterous. WA should not be permitted to re-write the history of the Asserted Patents or scrub the portions of their history that it does not like from the record.

5

### D. Mr. Inglish Is Allowed To Rely Upon Factual Information From Mr. Delgado.

WA also argues that Mr. Inglish relied on an "undisclosed expert," in the form of Mr. Delgado, who is Ericsson's Vice President for IPR Policy and Commercial Compliance. Again, WA is wrong.

As is clear though the citations in Mr. Inglish's report, Mr. Delgado provided factual insight on a number of issues, ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████ None of these involve expert opinions, they are issues within the purview and responsibility of Mr. Delgado in his role at Ericsson.

There is nothing improper or impermissible about an expert relying on conversations with a fact witness. Indeed, "an expert may base an opinion on facts or data in the case that the expert has been made aware of . . . [i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject . . . ." Fed. R. Evid. 703. This Court has repeatedly held that experts are entitled to rely on such conversations, and that any quibbles with the substance of them or their application can be addressed through cross examination. *See e.g., Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 U.S. Dist. LEXIS 2655, at *8 (E.D. Tex. Jan. 9, 2016) ("The details of Dr. Beckmann's conversations with Genband employees (and the clarity with which he recalls them) may be fertile ground for cross examination. However, his reliance on such conversations does not provide a basis to strike his testimony.") (internal citations omitted).

Further, none of the specific statements identified by WA are "expert opinion," as it claims. First, WA points to a ████████████████████████████████████████████

████████████████████████████████████████████████ Again, this is factual information from

6

Mr. Delgado. What Mr. Inglish chooses to do with that information and how he applies it can be explored by WA on cross. But there is nothing improper about Mr. Inglish's consideration of these facts, especially when he disclosed the facts and explained how they impacted his reasoning and methodology. *See e.g., Genband US LLC*, 2016 U.S. Dist. LEXIS 2655, at *8.

    Next, WA points to a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

    Next, WA argues that the corrections Mr. Inglish made to Mr. Bergman's calculations should be struck because they rely on a statement from Mr. Delgado ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As an initial matter, WA has mischaracterized the basis of Mr. Inglish's opinion. While Mr. Inglish does rely on a conversation with Mr. Delgado, he also notes that the information from Mr. Delgado is consistent with other factual data available to Mr. Inglish. Thus, Mr. Inglish has a basis for his corrections independent from the input received from Mr. Delgado, and WA's

7

motion should be denied on this basis alone.  Further, the information provided by Mr. Delgado is, again, a factual statement ▮

Finally, WA complains that it had no opportunity to question Mr. Delgado.  But WA *did* depose Mr. Delgado.  WA had the opportunity to inquire into each of the subjects above with Mr. Delgado but did simply chose not to.

### E. Mr. Inglish Has Not Relied Upon Settlement Communications For Any Purpose Prohibited Under Rule 408.

Wireless Alliance asks the Court to strike portions of Mr. Inglish's report that cite to and rely upon documents labeled as "FRE 408."  As an initial matter, Mr. Inglish has not used the pre-suit communication to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408.  Indeed, Mr. Inglish's references to these documents are made simply in the "background" section describing the history of the dispute (*see* Ex. A (Inglish Rpt.), ¶ 11).  Mr. Inglish never uses the amount of the offers in his damages analysis, and thus does not run afoul of Rule 408.  As explained in Defendants' Response to Plaintiff's Partial Motion for Summary Judgment on Defendant's FRAND Defenses, which is filed concurrently herewith, the Court has previously allowed such uses of pre-suit offers over objection.  *See G+ Commc'ns, LLC v. Samsung Elecs. Co*., No. 2:22-CV-00078-JRG, 2024 U.S. Dist. LEXIS 67260, at *8 (E.D. Tex. Apr. 12, 2024).

Even to the extent the Court finds that Mr. Inglish's ▮ As an initial matter, Wireless Alliance advertised to the world in its Complaint that it made an offer on FRAND terms for the Asserted Patents.  Even if Wireless

8

Alliance might have had an objection to its pre-suit offers to the Defendants, it waived that objection the moment that it injected the offers and their contents into the case via its Complaints. Moreover, as detailed above, Mr. Inglish's understanding that the Asserted Patents were FRAND-encumbered came from Defendants' FRAND expert, Paul Carpenter, not the pre-suit communications (*see* Ex. A (Inglish Rpt.) ¶ 9 ("Based on the opinions of Paul Carpenter and other information, I have been asked by counsel for Defendant(s) to assume that the Asserted ETRI Patents are FRAND-encumbered."); ¶ 34

### III. CONCLUSION

For the reasons above, Plaintiff's Motion to Exclude Certain Opinions of Defendants' Damages Expert, Blake B. Inglish should be denied.

Dated: August 23, 2024

Respectfully submitted,

*/s/ David S. Frist*
David S. Frist (GA Bar No. 205611)
John D. Haynes (GA Bar No. 340599)
Emily C. Welch (GA Bar No. 606071)
Michael C. Deane (GA Bar No. 497195)
Sloane S. Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email: david.frist@alston.com
john.haynes@alston.com
emily.welch@alston.com

9

 michael.deane@alston.com
 sloane.kyrazis@alston.com

 Ross R. Barton (NC Bar No. 37179)
 ALSTON & BIRD LLP
 1120 South Tryon Street
 Suite 300
 Charlotte, NC 28203-6818
 Telephone: (704) 444-1000
 Facsimile: (704) 444-1111
 Email: ross.barton@alston.com

 Theodore Stevenson, III (TX Bar No. 19196650)
 ALSTON & BIRD LLP
 2200 Ross Avenue, Suite 2300
 Dallas TX 75201
 Phone: (214) 922-3400
 Fax:    (214) 922-3899
 Email: ted.stevenson@alston.com

 Deron R. Dacus
 THE DACUS FIRM
 821 E SE Loop 323 Suite 430
 Tyler, TX 75701
 Phone: (903) 705-1117
 Facsimile: (903) 581-2543
 Email: ddacus@dacusfirm.com

 *Attorneys Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp.; Defendant T-Mobile USA, Inc.; Defendant Cellco Partnership d/b/a Verizon; Intervenor Ericsson Inc.; and Intervenor Nokia of America Corporation*

10

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served electronically on August 23, 2024 on all counsel who have consented to electronic service.

/s/ David S. Frist
David S. Frist

11