███████████████████████████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WIRELESS ALLIANCE, LLC, | |
| Plaintiff, | Case No. 2:23-cv-00095-RWS-RSP |
| v. | **LEAD CASE** |
| AT&T MOBILITY LLC, ET AL., | |
| Defendants. | |

**PLAINTIFF WIRELESS ALLIANCE, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE ASSERTED PATENTS ARE NOT FRAND ENCUMBERED AND DENYING DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE (CONTRACTUAL LIMITATION ON DAMAGES – FRAND)**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## TABLE OF CONTENTS

I.    IT IS DEFENDANTS' BURDEN TO PROVE OBJECTIVE ESSENTAILITY. THE *G+* CASE DOES NOT ELIMINATE THIS BURDEN.................................................................... 1

II.   DEFENDANTS HAVE NOT COME FORWARD WITH OBJECTIVE EVIDENCE THAT THEY CAN MEET THEIR BURDEN OF SHOWING ESSENTIALITY FOR ANY OF THE ASSERTED PATENTS................................................................................................. 3

III.  DEFENDANTS HAVE NOT SHOWN A GENUINE DISPUTE OF MATERIAL FACT REGARDING ESSENTAILITY OF THE '383 PATENT ............................................ 6

IV.   DEFENDANTS HAVE NOT SHOWN THAT IT IS APPROPRIATE TO ARGUE THE APPLICATION OF FRAND AS PART OF THE HYPOTEHTICAL NEGOTIATION.............. 7

V.    DEFENDANTS DO NOT EXCUSE THEIR UNTIMELY DISLCOSURE OF THE BASIS FOR THEIR DEFENSE ....................................................................................... 8

VI.   CONCLUSION.................................................................................................. 9

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## TABLE OF AUTHORITIES

**Cases**

*3G Licensing, S.A. v. Blackberry Ltd.*,
No. CV 17-82-LPS, 2020 WL 14008195 (D. Del. Oct. 2, 2020) ..................................... passim

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ................................................................................................. 4

*CSIRO v. Cisco Systems, Inc.*,
809 F.3d 1295 (Fed. Cir. 2015) ................................................................................ 7

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
Case No. 2:22-cv-78, 2024 WL 1604642 (E.D. Tex. Apr. 12, 2024) ................................ 2, 3, 6

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
Case No. 2:22-cv-78, 2024 WL 233222  (E.D. Tex. Jan. 22, 2024) ......................................... 2

*In re Innovatio IP Ventures, LLC Pat. Litig.*,
956 F. Supp. 2d 925 (N.D. Ill. 2013) .............................................................. 1, 3, 4

*Jane Doe v. Harrison Cty., Tex.*,
No. 2:19-CV-00254-RSP, 2021 WL 3128650 (E.D. Tex. July 23, 2021) ................................. 4

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
No. 2:21-CV-00113-JRG, 2023 WL 4157139 (E.D. Tex. Jun. 15, 2023) .......................... 1, 3, 4

*Netlist, Inc. v. Micron Tech., Inc.*,
No. 2:22-CV-203-JRG-RSP, 2024 WL 396237 (E.D. Tex. Jan. 8, 2024) ................................. 1

*Smart Path Connections, LLC v. Nokia of Am. Corp.*,
No. 2:22-CV-0296-JRG-RSP, 2024 WL 1096138 (E.D. Tex. Mar. 13, 2024) ......................... 4

*Stockton E. Water Dist. v. United States*,
583 F.3d 1344 (Fed. Cir. 2009) ................................................................................ 1

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Wireless Alliance is entitled to summary adjudication that the Asserted Patents are not FRAND encumbered, and denial of Defendants' Thirteenth Defense. Though they did not plead a breach of contract defense (Dkt. 111 at 17-18), Defendants now argue they have (Resp. at 1), confirming they bear the burden to prove the elements of such a claim, including essentiality. And though there is no such thing as a "FRAND" "limitation on damages," Defendants admit that this argument requires a showing of essentiality. Resp. at 1.

## I.    IT IS DEFENDANTS' BURDEN TO PROVE OBJECTIVE ESSENTAILITY. THE *G+* CASE DOES NOT ELIMINATE THIS BURDEN

It is ***Defendants' burden*** to demonstrate that the Asserted Patents are ***objectively*** essential. *See, e.g.*, *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-CV-203-JRG-RSP, 2024 WL 396237, at *2 (E.D. Tex. Jan. 8, 2024); *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00113-JRG, 2023 WL 4157139, at *5 (E.D. Tex. Jun. 15, 2023); *In re Innovatio IP Ventures, LLC Pat. Litig.*, 956 F. Supp. 2d 925, 936 (N.D. Ill. 2013) (citing *Stockton E. Water Dist. v. United States*, 583 F.3d 1344, 1360 (Fed. Cir. 2009)); *3G Licensing, S.A. v. Blackberry Ltd.*, No. CV 17-82-LPS, 2020 WL 14008195, at *3 (D. Del. Oct. 2, 2020). Defendants do not come forward with sufficient evidence to create a genuine dispute of material fact.

Incredibly, Defendants argue that, despite the clear requirements of the contractual ETRI IPR policy and the litany of case law interpreting it, Judge Gilstrap recently eliminated the need to prove essentiality entirely. According to Defendants, Judge Gilstrap eliminated the essentiality requirement for declared patents:[1] "Wireless Alliance's predecessor declared the '106 and '662 Patents, so they are FRAND encumbered" and "Wireless Alliance's two part 'objective' test in its Motion is not the standard set forth in *G+*." Resp. at 11 (citing various opinions from *G+*

---

[1] Even if Defendants were right about Judge Gilstrap's ruling, it would not apply to the '383 patent because it was undisputedly not declared. Defendants still fail to show any genuine disputes of material fact that the '383 patent is essential.

1

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*Commc'ns, LLC v. Samsung Elecs. Co.*, Case No. 2:22-cv-78 (E.D. Tex.)). Unsurprisingly, Judge Gilstrap did not materially change ETRI's contractual IPR policy or vitiate related case law. In *G+*, essentiality was not an issue at trial because the plaintiff "fully embraced the essentiality of the Asserted Patents **at trial**, including the FRAND encumbrance associated with these patents." *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, Case No. 2:22-cv-78, 2024 WL 1604642 at *5 (E.D. Tex. Apr. 12, 2024) (emphasis added). The plaintiff argued extensively to the jury that its patents were essential and "the only damages models discussed at the trial related to FRAND-based damages." *Id.* In preparation for a damages re-trial, the plaintiff sought to completely reverse course and argued that "FRAND-based damages" were not available to the defendant at the re-trial. *See generally id*. Judge Gilstrap rejected the plaintiff's arguments because they were inconsistent with the jury trial record. *Id.* at *5 ("To allow G+ to reverse course and, for the very first time, now argue that it is entitled to seek non-FRAND damages would be wholly inappropriate and improper."). None of these facts is true here; trial has not yet happened, Wireless Alliance will not argue to the jury that the Asserted Patents are essential, and it will not present FRAND-based damages models. Wireless Alliance has not, and will not at trial, "fully embrace" the purported essentiality of the Asserted Patents.

Nor is it true that Judge Gilstrap "established a low bar for proof of essentiality." Resp. at 11 (citing *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, Case No. 2:22-cv-78, 2024 WL 233222 at *7 (E.D. Tex. Jan. 22, 2024) ("Jan. 22 *G+* Opinion")[2]); *see also* Resp. at 12 ("The *G+* case out of this Court is, instead, directly on point: when a patentee declares its patents to ETSI as essential and then tells the Court in the Complaint that it made allegedly FRAND offers, FRAND is a proper defense."). Contrary to Defendants' argument, the cited portion of the Jan. 22 *G+* Opinion is a

---

[2] Defendants cite this opinion as "Dkt. No. 575."

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

limited Rule 44.1 determination whether French law allows a FRAND obligation to be suspended when a licensee acts in bad faith. Jan. 22 *G+* Opinion at \*3-6 (finding that a party acting in bad faith temporarily relieves the obligation of the other party to negotiate under a FRAND obligation). The Jan. 22 *G+* Opinion does not discuss the "bar for proof of essentiality," let alone does it make new law establishing a "low" bar. The wording cited by Defendants is taken out of the important context that, unlike here, the plaintiff "fully embraced the essentiality of the Asserted Patents at trial." *G+*, 2024 WL 1604642 at \*5.

While *G+* is not relevant to this Motion, the burden holdings of *Koninklijke*, *In re Innovatio*, *Stockton*, and *3G Licensing* are on point, and Defendants do not address the relevant holdings at all. Defendants do address *Netlist* but only to argue that it is factually "different" because a different standards body applied and the patents may not have been declared. Resp. at 13. These purported factual differences are mere speculation,[3] and, more importantly, are irrelevant because the burden is a legal requirement based on the nature of the affirmative defense brought by Defendants, and has nothing to do with the contractual rules of the standards body. Defendants also do not rebut that they must prove essentiality using objective evidence. *3G Licensing*, 2020 WL 14008195 at \*3. Instead, Defendants cite to their mischaracterization of Judge Gilstrap's holdings in *G+*. *See* Resp. at 12 (citing to the Jan. 22 *G+* Opinion). But the *G+* cases cited by Defendants have nothing to do with the burden or standard for proving essentiality.

## II.    DEFENDANTS HAVE NOT COME FORWARD WITH OBJECTIVE EVIDENCE THAT THEY CAN MEET THEIR BURDEN OF SHOWING ESSENTIALITY FOR ANY OF THE ASSERTED PATENTS

In order to defeat the Motion, Defendants are required to come forward with evidence demonstrating a genuine dispute of material fact. *See, e.g.*, *Jane Doe v. Harrison Cty., Tex.*, No.

---

[3] Defendants do not compare the FRAND obligations between ETSI and the JEDEC standard addressed in *Netlist*. They just assume they are different and irrelevant.

3

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

2:19-CV-00254-RSP, 2021 WL 3128650, at *1 (E.D. Tex. July 23, 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). Mere factual disputes are not sufficient. *Id.* They have not done so here.

Defendants argue that "Dr. Wicker's opinions create a genuine disputed fact." Resp. at 13-14. But, as discussed in the Motion (Dkt. 111 at 14) as well as the *Daubert* motion related to Wicker (Dkt. 112 at 3-5), Wicker's opinions on the "essentiality" matter, on which Defendants bear the burden, needed to be disclosed in an opening report. Wicker's untimely rebuttal opinions should be struck because they were served in violation of the DCO. *Smart Path Connections, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-0296-JRG-RSP, 2024 WL 1096138, at *4 (E.D. Tex. Mar. 13, 2024) (striking defendant's rebuttal opinions on damages matters that "should have been raised in an opening report.") Defendants simply dismiss this issue because Wireless Alliance "cites no authority for its theory" or any "case excluding opinions about essentiality from a rebuttal report." Resp. at 13-14. But Wireless Alliance's arguments are based on both relevant case law about the burden (*Netlist*, *Koninklijke*, *In re Innovatio*, and *Stockton*) and the Court's order setting a date certain for the service of expert evidence (the DCO, *e.g.*, Dkt. 86 ("Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof")). Characterizing Wicker's opinions as "alternative" or "under Wireless Alliance's overly broad infringement read" does not excuse Defendants' failure to disclose an affirmative "essentiality" case. In addition to being untimely, the parts of Wicker's opinions that Defendants cite (Ex. F at ¶¶ 191-192) lack any analysis whatsoever, and should be struck for this reason as well. *See* Dkt. 112 at 5-8.

The remainder of the evidence cited by Defendants are characterizations of subjective statements, many of which are mischaracterizations. Resp. at 2-3, 12-13. But even if Defendants' characterizations were correct, they would not matter. *3G Licensing*, 2020 WL 14008195 at *3.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Wireless Alliance's subjective belief before and shortly after the complaints were filed is not a *material* fact for essentiality. As Judge Stark ruled, "[p]ointing to Plaintiffs' beliefs on these points (even accepting Defendants have done so) is insufficient to meet Defendants' burden." *Id.* Here, not only does the admissible evidence identified by Defendants go to an irrelevant fact, but all of the admissible objective evidence supports that the Asserted Claims are not essential. Defendants have not come forward with sufficient evidence.

Defendants also mischaracterize a number of Wireless Alliance's statements. Defendants place particular importance on Wireless Alliance's statements in the complaints. *E.g.*, Resp. at 3 (citing Dkt. 1 (AT&T Complaint) at ¶¶ 14, 17).[4] In paragraph 14, Wireless Alliance pleads AT&T's awareness of the ETRI declaration to ETSI and the relevance to the accused functionality. Dkt. 1 at ¶ 14 ("AT&T was aware of ETRI's IPR Information Statement and Licensing Declaration declaring the ETRI Patents essential to the 4G standard, including the functionality accused in this Complaint. AT&T did not, however, seek to license the ETRI Patents."). This paragraph is about AT&T's knowledge of the patent and lack of action, not an admission of essentiality. In paragraph 17, Wireless Alliance expressly pled that the '383 patent has "no FRAND obligations" but noted that Wireless Alliance offered to negotiate a license using "the same FRAND-based offer." Dkt. 1 at ¶ 17. Again, Wireless Alliance did not make an admission that the '383 patent was essential. Nor did the letter Wireless Alliance was referring to make such an admission. *See* Ex. Z at n.1. Indeed, the letter (and similar ones sent to the other Defendants) merely ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[4] Though relying on them now, AT&T (like the other defendants) denied these allegations. Dkt. 11 at ¶¶ 14, 17. Defendants should not be able to deny allegations at the beginning of the case and then reverse course to argue the allegations are binding to defeat summary adjudication.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

██████████████████████████████████ At no point does the letter, as Defendants contend, identify any of the Asserted Patents as essential.

Defendants also argue that Rule 408 does not prohibit its reliance on Rule 408-designated settlement negotiations to prove a disputed claim (essentiality), citing again to *G+*. Resp. at 13. But, just as Judge Gilstrap did not drastically alter the terms of ETRI's IPR policy, Judge Gilstrap in *G+* did not materially alter Rule 408. Rather, Judge Gilstrap allowed redacted Rule 408 negotiations to be used at trial for a very limited purpose as evidence of certain facts (to show that defendant did not treat the patents-in-suit as especially valuable, and to show that defendant sought lump sum terms). *G+*, 2024 WL 1604642 at *2. The negotiations in *G+* were not used, as Defendants argue here, to prove disputed claims such as essentiality.[5] Defendants have not rebutted that Rule 408 excludes use of the settlement exchanges to establish essentiality.

In sum, the lack of essentiality remains undisputed here. Defendants' arguments are based on mischaracterizations of various *G+* opinions, and inadmissible or irrelevant evidence. Summary adjudication is appropriate.

## III.   DEFENDANTS HAVE NOT SHOWN A GENUINE DISPUTE OF MATERIAL FACT REGARDING ESSENTAILITY OF THE '383 PATENT

Specific to the '383 patent, Defendants rely on the inadmissible and irrelevant "admissions" rebutted above and further argue that "Wireless Alliance cannot tell the jury and public it offered FRAND rates and then prevent Defendants from showing that the rate offered was not FRAND." Resp. at 9-10. If its Motion is granted, Wireless Alliance does not intend to "tell the jury … it offered FRAND rates," or discuss FRAND at all, so this concern is baseless. Whether "the rate offered was not FRAND" only matters if Defendants can show that the '383

---

[5] Defendants also argue that Wireless Alliance should have updated its infringement contentions. Resp. at 13. It is not clear why this is relevant, but no update was needed because Wireless Alliance's infringement theories did not change as discovery progressed. *See* Dkt. 142 at 1-13.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

patent was subject to a FRAND encumbrance, a showing Defendants cannot make here since the '383 patent was not subject to ETSI's IPR policy (and cannot be shown to be essential).

Defendants further argue in their introduction that, even for undeclared patents, "damages still must be awarded consistent with FRAND." Resp. at 1. Defendants Response provides no explanation for this bold statement. Instead, later in the Response, Defendants argue that a finding of essentiality of an undeclared SEP results in "adjustments under the *Georgia Pacific* factors." Resp. at 10-11 (citing *CSIRO v. Cisco Systems, Inc.*, 809 F.3d 1295, 1304 (Fed. Cir. 2015)). Because the precedent to this argument (a finding of essentiality) is the subject of this Motion, it is unclear what relevance this argument has. But, regardless, it not true that *CSIRO* held that a finding of essentiality requires that "damages still must be awarded consistent with FRAND" (Resp. at 1), nor does it permit FRAND arguments to be made in a traditional damages analysis (Resp. at 10-11). Instead, *CSIRO* holds that, because a SEP accrues some value from being standards-essential, a traditional damages analysis for a SEP must include additional apportionment to account for "any value flowing to the patent from the standard's adoption." *CSIRO*, 809 F.3d at 1304. *CSIRO* does not find that FRAND arguments can be made about SEPs not subject to contractual obligations such as ETSI's IPR policy.

IV.   **DEFENDANTS HAVE NOT SHOWN THAT IT IS APPROPRIATE TO ARGUE THE APPLICATION OF FRAND AS PART OF THE HYPOTEHTICAL NEGOTIATION**

The Motion explained why it is inappropriate for Defendants to assert that their FRAND arguments should apply regardless of their inability to prove essentiality. Mot. at 15-17. Defendants offer a confusing response that appears to conflate FRAND-related evidence and FRAND arguments. *See* Resp. at 14-15. Defendants cite Judge Stark's note in *3G Licensing* that his ruling did not "prohibit Defendants from introducing FRAND-related evidence to establish the proper damages award." *3G Licensing*, 2020 WL 14008195 at *3. This is not an issue here.

7

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Defendants may present a damages analysis that includes, for example, FRAND licenses as evidence. Defendants should ***not***, however, be able to argue that the Asserted Patents are SEPs, that the patents are FRAND encumbered, or that FRAND requires damages must be limited to a lump sum "commensurate" with the financial terms of, for example, the ID-Samsung Agreement. *3G Licensing* (and *CSIRO* and *G+*) do not stand for the proposition that Defendants may "backdoor" a FRAND argument into the hypothetical negotiation. In other words, Defendants should not be able to offer the entirety of the opening opinions disclosed by Carpenter about FRAND and Wireless Alliance's purported "discrimination" (*see* Dkt. 114-2[6]) or any other FRAND argument.

## V.  DEFENDANTS DO NOT EXCUSE THEIR UNTIMELY DISLCOSURE OF THE BASIS FOR THEIR DEFENSE

In the Motion, Wireless Alliance explained how Defendants failed to explain any theory regarding essentiality during discovery until the final day of discovery. Mot. at 4-5. Defendants fail to address this issue. Instead, in confirmation of Defendants' withholding of relevant discovery, the arguments in the Response go beyond Defendants' last-minute discovery supplement. Defendants offer no reason for not properly responding to Wireless Alliance's interrogatories.

Defendants' argument also has the unintended effect of demonstrating that Defendants lacked a Rule 11 basis to assert their defense in their answers. Resp. at 3-7 (the license "that forms the basis of Defendants' FRAND defense [was not produced] until the very end of discovery"). Defendants' recitation of the facts is also incomplete. Without delving unnecessarily into the weeds, Defendants did not act diligently during discovery and then attempted to take third-party

---

[6] Defendants argue that they offered a FRAND expert. Resp. at 7-8. It is not clear why Defendants believe this is relevant here because Carpenter simply assumed essentiality. Dkt. 114-4 at 38:4-39:17.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

discovery from Intellectual Discovery and Samsung through Wireless Alliance. Not only did Wireless Alliance agree to assist Defendants, but it actually worked to get extraordinary relief (at Wireless Alliance's request, ID negotiated on behalf of Defendants to get permission to produce unredacted copies of the relevant ID-Samsung agreements). And Wireless Alliance, Intellectual Discovery, and Samsung acted within 2.5 months (from a request in February to production in April). Discovery, however, opened in July 2023. Dkt. 29. Defendants supposedly knew from the outset of the case that their FRAND defense would be based on third party information. Despite this knowledge, they inexplicably waited seven months (July 2023 to February 2024) before engaging in any meaningful attempt to gather the necessary evidence. They waited longer still (to March 2024) to try to subpoena Intellectual Discovery (Dkt. 66) and never subpoenaed Samsung. While Wireless Alliance engaged in diligent efforts to satisfy Defendants' extraordinary requests, Defendants acted, at best, without diligence. Defendants' complaints about the timing of the production made by Wireless Alliance is as a result of their own lack of diligence, not that of Wireless Alliance.

## VI.    CONCLUSION

The Court should grant Wireless Alliance's Motion, and find that the Asserted Patents are not essential and Defendants' Thirteenth Defense should be denied.

Dated: August 30, 2024                    Respectfully submitted,

                                          /s/ Benjamin T. Wang
                                          Benjamin T. Wang

                                          Benjamin T. Wang
                                          CA State Bar No. 228712
                                          Email: bwang@raklaw.com
                                          Andrew D. Weiss
                                          CA State Bar No. 232974

9

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Email: aweiss@raklaw.com
Qi Tong
CA State Bar No. 300347
Email: ptong@raklaw.com
Jacob R. Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Greg Love
Texas State Bar No. 24013060
Email: greg@swclaw.com
STECKLER WAYNE LOVE
107 East Main Street
Henderson, Texas 75652
(903) 212-4444 (telephone)

Attorneys for Plaintiff
*Wireless Alliance, LLC*

10

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Plaintiff hereby files its Certificate of Authorization to File its Reply in Support of its Motion for Partial Summary Judgment Under Seal per Local Rule CV-5(a)(7)(A)-(B). The undersigned counsel for Plaintiff hereby certifies that the Court has already granted authorization to seal the document as set forth in the Protective Order.

*/s/ Benjamin T. Wang*
Benjamin T. Wang

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served on all counsel of record via electronic mail on August 30, 2024.

*/s/ Benjamin T. Wang*
Benjamin T. Wang

11