# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WIRELESS ALLIANCE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, AT&T SERVICES, INC., AND AT&T CORP.,<br><br>    Defendants, | CASE NO. 2:23-cv-00095<br><br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| WIRELESS ALLIANCE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE US, INC., AND T-MOBILE USA, INC.,<br><br>    Defendants, | CASE NO. 2:23-cv-00096<br><br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| WIRELESS ALLIANCE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., AND CELLCO PARTNERSHIP D/BA VERIZON WIRELESS,<br><br>    Defendants. | CASE NO. 2:23-cv-00097<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' SUR-REPLY TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' FRAND DEFENSES**

**TABLE OF CONTENTS**

I.  *G+ COMMC'NS* IS APPLICABLE AND DISPOSITIVE AS TO THE DECLARED PATENTS ..................................................................................................1

II.  DEFENDANTS RAISED A FACT ISSUE ON ESSENTIALITY FOR EACH ASSERTED PATENT ..........................................................................................3

III.  DAMAGES FOR THE '383 PATENT ARE LIMITED ......................................4

IV.  DEFENDANTS ARE PERMITTED TO PLACE "FRAND-RELATED EVIDENCE" IN FRONT OF THE JURY ...................................................................................4

V.  WIRELESS ALLIANCE'S UNTIMELY DISCLOSURE ARGUMENTS ARE MISPLACED...........................................................................................................4

VI.  CONCLUSION......................................................................................................5

**Note:** All emphasis added unless otherwise noted.

Wireless Alliance ("WA") filed a case against Defendants based on patents it and its predecessors maintained were essential to certain 3GPP standards and ███████████ ██████████████████. Throughout discovery, including in its contentions, WA's infringement theory was based on Defendants' alleged implementation of those 3GPP standards. Now, however, WA wishes to reverse course and claim that those same patents are no longer essential and that FRAND has no role in assessing damages. The Court should reject WA's attempt to re-write history.

## I. *G+ COMMC'NS* IS APPLICABLE AND DISPOSITIVE AS TO THE DECLARED PATENTS

WA misapprehends the findings and timeline of this Court's decisions in *G+ Commc'ns* by arguing that it is neither relevant nor dispositive for the patents its predecessor in interest declared to ETSI. *G+ Commc'ns* involved three separate decisions, each of which is relevant here. First, on January 22, the Court issued a determination under Rule 44.1 regarding French Law. *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, 2:22-cv-78, Dkt. No. 575 (Memorandum Opinion) at 11, (E.D. Tex. Jan 22, 2024). WA miscasts this decision as involving only "whether French law allows a FRAND obligation to be suspended when a licensee acts in bad faith." Dkt. No. 168-1 (Sub. Reply) at 1. Not so. WA ignores the first part of that finding which explicitly held "the FRAND obligation … is irrevocable." *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, 2:22-cv-78, Dkt. No. 575 (Memorandum Opinion) at 11, (E.D. Tex. Jan 22, 2024).

Next, WA ignores the Court's decisions during the *first G+ Commc'ns trial*. Contrary to WA's claims, the issue of whether a patent must be essential for FRAND to limit damages came up during the first trial. At the formal charge conference, the defendant requested the Court instruct the jury that damages for ETSI-declared patents are limited to a FRAND royalty "whether or not" the jury finds they are standard essential. *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, 2:22-cv-78,

███████████████████████████████████

Dkt. No. 592 (Trial Tr. Day 6) at 11:13-24, (E.D. Tex. Jan 22, 2024). Despite plaintiff's opposition, the Court "grant[ed] this objection," agreeing "that the FRAND obligation attaches at the time the patents are contributed to the standard and is irrevocable." *Id.* at 13:10-17. As a result, the jury was instructed in the *first trial*—as opposed to the damages retrial—that "[y]ou should determine a FRAND royalty in this case, ***whether or not you find that the Patents-in-Suit are standard essential***." *Id.* at 82:23-83:1.

Finally, after the conclusion of the first trial, G+ sought to renege on its FRAND commitment and prevent the jury in the damages re-trial from hearing abouts its FRAND obligations. *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, Case No. 2:22-cv-78, 2024 WL 1604642 at *5 (E.D. Tex. Apr. 12, 2024). WA argues that, unlike in *G+ Commc'ns*, it has not sought to "reverse course," nor has it "embraced" the essentially of the Asserted Patents. Dkt. 168-1 (Sub. Reply) at 1. That is incorrect. Up until expert discovery and its motion regarding FRAND, WA has always acted as though the Asserted Patents are standard essential and subject to FRAND. Indeed, Defendants' opposition cited numerous instances where WA embraced essentiality. Dkt. 140 (Resp.) at 1-3. Its late breaking change of direction is the exact circumstance that the Court's various *G+ Commc'ns* decisions forbid as "wholly inappropriate and improper." *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, Case No. 2:22-cv-78, 2024 WL 1604642 at *5 (E.D. Tex. Apr. 12, 2024).

The Court's decisions in *G+ Commc'ns* are dispositive as to the '106 and '662 Patents, which indisputably were declared to ETSI and therefore encumbered with an irrevocable FRAND obligation. WA's motion should be denied as to these patents for this reason alone.

██████████████████████████████████████████

## II. DEFENDANTS RAISED A FACT ISSUE ON ESSENTIALITY FOR EACH ASSERTED PATENT

To the extent evidence of essentiality is required, Defendants raised a material question of fact on this issue. First, Dr. Wicker offered the opinion that if WA is correct ██████████ ██████████ then they are essential to the 4G and/or 5G standards. *E.g.*, Dkt. No. 138-3 (Wicker Reb. Main Rept.) ¶¶191–92. WA has no meaningful response to Dr. Wicker's technical opinion, instead relying solely on assertions that the opinion was untimely and that his analysis is conclusory. But Dr. Wicker's opinions were not untimely. As set forth in Defendants' opposition to WA's Motion to Strike Dr. Wicker's opinions, there is no basis for asserting that Defendants' experts were required to offer an opinion on essentiality in an opening report, if they even needed to provide such opinion to begin with. Dkt. No. 138 (Def. Resp. to Wicker) at 3-6. Nor are Dr. Wicker's opinions conclusory, as they are fully supported by plaintiff's own expert. As Dr. Wicker explained, Dr. Cooklev relies upon the standard to support his allegations of infringement. Dkt. No. 138-3 (Wicker Reb. Main Rept.) ¶¶191–92. Thus, Dr. Wicker opines that if Dr. Cooklev's technical analysis is correct, then the patents must be essential. *Id.*

Second, even if Dr. Wicker's opinions on essentiality are excluded, which they should not be, there is sufficient record evidence to create a material dispute of fact in the form of WA's own statements. In its pre-suit negotiations, its complaint, and its infringement contentions, WA consistently mapped the Asserted Patents to the 4G and 5G standards. Indeed, WA's infringement contentions did not rely on any evidence ***other than the standards*** to demonstrate infringement. WA's arguments in rebuttal, that its "subjective belief" is irrelevant is unavailing. WA's statements were more than subjective belief, they were its objective allegations of infringement.

## III. DAMAGES FOR THE '383 PATENT ARE LIMITED

It is beyond dispute that if the '383 patent is essential, then the Federal Circuit's *CSIRO* decision prohibits the inclusion of "any value flowing to the patent from the standard's adoption" in a reasonable royalty award. *CSIRO v. Cisco Systems*, 809 F.3d 1295, 1304 (Fed. Cir. 2015). Moreover, despite WA's protestations, Defendants should be permitted to show that WA offered a "FRAND-based royalty" in determining what the parties to the hypothetical negotiation would have considered. Simply put, WA cannot offer to license the '383 patent on FRAND terms and conditions, only to later tell the jury that a reasonable royalty is hundreds of times more than what a FRAND rate would be.

## IV. DEFENDANTS ARE PERMITTED TO PLACE "FRAND-RELATED EVIDENCE" IN FRONT OF THE JURY

Independent of the parties' FRAND dispute, Defendants are entitled to introduce to the jury the fact that the Asserted Patents were licensed to ███████████████████ ██████████████████████████████████████. Even if the patents were not declared to ETSI, were not standard essential, and were not bound by the FRAND commitment, the ██████████ license would be a relevant prior license to the Asserted Patents that the jury should be able to consider in assessing damages. This is the exact type of "FRAND-related evidence" the jury can consider "to establish the proper damages award." *3G Licensing, S.A. v. BlackBerry Ltd. & BlackBerry Corp.*, No. CV 17-82-LPS, 2020 WL 14008195, at *3 (D. Del. Oct. 2, 2020). WA presents no justification for excluding this evidence in the context of a summary judgment motion.

## V. WIRELESS ALLIANCE'S UNTIMELY DISCLOSURE ARGUMENTS ARE MISPLACED

WA's complaints regarding the timing of Defendants disclosures related to their FRAND defense are uncompelling and irrelevant. First, WA does not dispute that the un-redacted ██████

license at the center of Defendants' FRAND defense was not produced until late in discovery, despite the fact that it ████████████████████████████████████████████ ████████. Second, while faulting Defendants for not subpoenaing foreign third parties under the Hague Convention—a costly and time-consuming process that would likely have been fruitless—WA fails to grapple with its own obligation under the local rules to produce relevant documents, such as those it was entitled to obtain ██████████████████████████ ██████. Finally, WA's argument regarding timing is irrelevant.[1] It has not moved to strike Defendants' interrogatory responses, and it has identified no prejudice from any allegedly late disclosure of Defendants' FRAND arguments, nor could it, as its own experts opined both on essentiality and Defendants' FRAND defense.

## VI. CONCLUSION

WA attempts to hold Defendants to a standard to prove essentiality that simply does not exist. But even if it did, Defendants have raised at least a genuine dispute of material fact through both WA's own statements and through its proper expert opinions. The issue of whether and to what extent any damages should be limited by FRAND is one that should remain where it belongs, with the jury.

---

[1] WA's allegation that Defendants "withheld discovery" or "lacked a Rule 11 basis" for their FRAND defense are as meritless as they are inappropriate. Dkt. 168-1 (Sub. Reply) at 5. Defendants and Intervenors ████████████████████████████████████████ ██████████████████████████████████████████████. Nor did Defendants "withhold discovery" by supplementing their interrogatory responses based on information received *from Wireless Alliance*.

Respectfully submitted: September 12, 2024

/s/ David S. Frist

David S. Frist
  David.Frist@alston.com
John Daniel Haynes
  John.Haynes@alston.com
Emily Welch
  Emily.Welch@alston.com
Michael Clayton Deane
  Michael.Deane@alston.com
Sloane Sueanne Kyrazis
  Sloane.Kyrazis@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777

Ross Ritter Barton
  Ross.Barton@alston.com
ALSTON & BIRD LLP
1120 South Tryon Street
Suite 300
Charlotte, NC 28203
704-444-1287
Fax: 704-444-1111

Theodore Stevenson, III
  Ted.Stevenson@alston.com
Adam Ahnhut
  Adam.ahnhut@alston.com
ALSTON & BIRD LLP
2200 Ross Ave
Suite 2300
Dallas, TX 75201
214-922-3507
Fax: 214-922-3899

*Attorneys for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

**Deron Dacus**
ddacus@dacusfirm.com
**The Dacus Firm**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
Fax: 903-581-2543

*Attorney* for *AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*



## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served electronically on September 12, 2024 on all counsel who have consented to electronic service.

*/s/ David S. Frist*
David S. Frist