**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WIRELESS ALLIANCE, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:23-CV-00095-RWS-RSP |
| | § | (LEAD CASE) |
| AT&T MOBILITY LLC, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## REPORT & RECOMMENDATION

Before the Court is Plaintiff Wireless Alliance LLC's ("WA") Motion for Partial Summary Judgment That the Asserted Patents are not FRAND Encumbered. **Dkt. No. 111**. For the reasons discussed below, the Court recommends **GRANTING** the motion only **IN PART** as set forth below.

### I.    LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is

"such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

"If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.    ANALYSIS

### A. Burden

The Parties dispute the legal burden to prove essentiality. Plaintiff argues that, undisputably, none of the asserted patents in this case are FRAND encumbered. Dkt. No. 111 at 8. An obligation to license on FRAND terms derives from contracts between a standards body and its members. *See HTC Corp. v. Telefonaktiebolaget LM Ericsson,* 12 F.4th 476, 481 (5th Cir. 2021) Here, the relevant standards body is ETSI. Plaintiff argues that a FRAND encumbrance attaches if two preconditions are met: "(1) a patent was or should have been declared to ETSI; and (2) the declared patent has been objectively found to be 'essential' using the definition of 'essential' provided in ETSI's IPR policy."[1] Dkt. No 111 at 1. Defendants counter that "[t]his Court has established a low bar for proof of essentiality," simply declaring the patent to a standard setting organization is enough. Dkt. No. 140 at 11. Defendants' only support for this proposition is language from *G+*

---

[1] "**ESSENTIAL** as applied to IPR means that it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing that IPR. For the avoidance of doubt in exceptional cases where a STANDARD can only be implemented by technical solutions, all of which are infringements of IPRs, all such IPRs shall be considered ESSENTIAL." ETSI's IPR Policy ¶ 6

*Communications v. Samsung Electronics Company*, 2:22-cv-0078, Dkt. No. 575 (E.D. Tex. Jan 22, 2024). In the cited order in *G+*, the Court made a determination of French law regarding the revocability of FRAND licensing pursuant to FRCP 44.1. The Court determined that under French law "[w]here a patent is contributed to an adopted standard established by a standard setting organization, such contribution contractually burdens the patent to thereafter be licensed on fair, reasonable, and non-discriminatory terms." *Id.* at 11. Defendants take this language out of the context that the Court used it. In *G+*, the Parties did not dispute the essentiality of the patents, and thus the Court could not have and did not change the burden to prove essentiality. The burden remains on Defendants to prove essentiality in order to argue that the patents are FRAND encumbered. *KPN N.V. v. Ericsson*, No. 2:21-CV-00113-JRG, 2023 U.S. Dist. LEXIS 110186, at *16 (E.D. Tex. June 15, 2023) ("Although the ultimate burden to prove the FRAND defense rested with Ericsson, the Court need not reach the issue of whether Ericsson could have met its burden without itself asserting that the patents were essential, and necessarily infringed, and instead relying only on KPN's representations.").

### B. '383 Patent

WA argues that the '383 is not FRAND encumbered because neither WA nor its predecessor Intellectual Discovery is a member of ETSI and neither entity has agreed to ETSI's IPR policy. Dkt. No. 111 at 8. Defendants argue that WA's "previous statements and offers on allegedly FRAND terms show that it 'fully embraced' FRAND policies and raises a genuine dispute for trial." Dkt. No. 140 at 9. They again rely on *G+* to support their proposition. Here, there is no showing that the patent is in fact essential nor a showing of a declaration to the standards body. Thus, absent some form of estoppel—which Defendants do not assert— there is no argument that the '383 patent is FRAND encumbered based on ETSI's IPR policy.

### i. Defendants' *CSIRO v. Cisco* Argument

Defendants rely on *CSIRO v. Cisco Systems* to argue that even if the Patent was not declared essential it is still subject to a damages limitation because the *Georgia-Pacific* factors must be adjusted to exclude value derived from the patent being included in the standard. Dkt. No. 140 at 10 (citing *CSIRO v. Cisco Systems*, 809 F.3d 1295 (Fed. Cir. 2015)). This is not a FRAND argument and has no bearing on Plaintiff's Summary Judgment Motion that the patents are not FRAND encumbered. Summary Judgment should be **GRANTED** for the '383 Patent.

### C. SCell Patents ('106 & '662)

Plaintiff argues that both parties' experts agree that the SCell patents are not essential. Dkt. 111 at 9. Defendants do not dispute that that is their position as well. Dkt. No. 140 at 12–13. Instead, Defendants respond with the argument, relying on *G+*, that WA is bound by its previous representations about essentiality. *Id.* at 12. As discussed above, Defendants' reliance on *G+* is misplaced here. *G+* assumed essentiality, but that question remains in dispute here, and Defendants bear the burden of proving it. Defendants may introduce WA's licensing offers and argue that they offered the patents on FRAND terms, but that is insufficient to render the patents FRAND encumbered absent proof of essentiality.

Defendants attempt to preserve their essentiality position by arguing, *in the alternative*, that the patents are essential. *Id.* at 8, 11. The Court is skeptical of Defendants' mutually incompatible essential-only-if-infringed argument, but the Court believes that Defendants may make arguments that the patents are essential based on Plaintiff's representations and thus summary judgment is inappropriate. *See KPN N.V. v. Ericsson*, No. 2:21-CV-00113-JRG, 2023 U.S. Dist. LEXIS 110186, at *16 (E.D. Tex. June 15, 2023).

### D. FRAND in Negotiation

Wireless Alliance finally argues that Defendants cannot inject FRAND analysis into the

hypothetical negotiation without establishing the conditions precedent of FRAND encumbrance. Dkt. No. 111. at 15. There remains a disputed fact about whether Plaintiff offered the patents in suit on FRAND terms to Defendants. Defendants may not argue that the patents are FRAND encumbered without establishing the conditions precedent, but the Court will not disallow Defendants from introducing evidence of a FRAND offer from Plaintiff as part of the hypothetical negotiation.

## III.    CONCLUSION

Based on the foregoing, the Court recommends granting summary judgment that the '383 Patent is not subject to FRAND encumbrances and denying summary judgment that the SCell Patents are not FRAND encumbered.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by no later than October 28, 2024**, bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 21st day of October, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

5