IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WIRELESS ALLIANCE, LLC<br>Plaintiff<br>v.<br>AT&T MOBILITY LLC ET AL,<br>Defendant. | § § § § § § § § | CASE NO. 2:23-CV-95-RWS-RSP<br>CONSOLIDATED – LEAD CASE |
| v.<br>T-MOBILE USA, INC.,<br>Defendant. | § § § § § § | CASE NO. 2:23-CV-96-RWS-RSP |
| v.<br>Cellco Partnership d/b/a Verizon Wireless<br>Defendant. | § § § § § | CASE NO. 2:23-CV-97-RWS-RSP |

**ORDER**

Before the Court is Plaintiff Wireless Alliance, LLC's Objections to the Magistrate Judge's Claim Construction Order (Docket No. 79). Docket No. 89. Defendants AT&T Services Inc., AT&T Mobility LLC, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless and Intervenors Nokia of America Corporation and Ericsson Inc. responded to Plaintiff's objections. Docket No. 93. Upon review of these objections, the Court finds the Magistrate Judge's construction of the claim "predetermined time" is correct. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report of the Magistrate Judge as the opinion of the District Court.

The Magistrate Judge issued an opinion and order construing claim terms for U.S. Patent Nos. 9,144,106 ("the '106 Patent") and 9,565,662 ("the '662 Patent"). Docket No. 79 at 1. There was no disputed term for U.S. Patent No. 10,045,383 ("the '383 Patent"). *See id.* Plaintiff filed

objections relating to the construction of the term "predetermined time." *See* Docket No. 89. Plaintiff contends the Magistrate Judge held that "predetermined time" cannot involve the occurrence of an event, such as after the receipt of an acknowledgement message. *Id.* at 2. According to Plaintiff, neither side proposed that the term "predetermined time" be construed, and therefore the Magistrate Judge's construction is not proper, especially because Plaintiff did not have an opportunity to fully brief and support its position. *Id.* Additionally, Plaintiff contends that the Magistrate Judge's construction of the plain meaning of "predetermined time" is too narrow because it held that a "'time' must be a specific value (*e.g.*, 10 milliseconds or 8 seconds)." *Id.* According to Plaintiff, the start of "time" of an event could be "a specific time (such as 8:00 p.m.) or it could be event-based, non-specific time, such as the arrival of the guest of honor at a surprise birthday party." *Id.* at 2–3.

Defendants and Intervenors respond that Plaintiff had ample opportunity to brief and argue its position. Docket No. 93 at 5. According to Defendants and Intervenors, the Magistrate Judge's Report laid out Plaintiff's position on this issue. *Id.* Defendants and Intervenors contend that Plaintiff's procedural objection has no merit because "Plaintiff did not submit evidence of its interpretation of the term—and instead decided to present it solely through attorney briefing and oral argument—[and, as such, this] is not a procedural problem created by the Court." *Id.* at 6. Additionally, Defendants and Intervenors argue that the Magistrate Judge is correct in rejecting Plaintiff's statement that the meaning of "time" accounts for both specific and non-specific recitations of time. *Id.* at 5 (citations omitted). According to Defendants and Intervenors, the Magistrate Judge correctly based his reasoning on the specification, the abstract, and the claim itself in construing the term, and Plaintiff did not provide any definition of "time" from the perspective of a POSITA or any other extrinsic evidence. *Id.* at 4–5.

Federal Rule of Civil Procedure 72(a) governs review of objections to the Magistrate Judge's claim construction order, which is considered a non-dispositive motion. *See, e.g.*, *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2014 WL 12638484, at *1 (E.D. Tex. Dec. 1, 2014); *Synqor, Inc. v. Cisco Sys., Inc.*, No. 2:14-CV-286, 2014 WL 11462445, at *1 (E.D. Tex. May 5, 2014) (citing *SciCo Tec GmbH v. Boston Scientific Corp.*, 599 F. Supp. 2d 741, 742 (E.D. Tex. 2009)). Rule 72(a) provides, in pertinent part, that "[t]he district judge . . . must . . . modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a).

The Court has reviewed the objections for clear error. Upon such review, the Court has determined the Report of the Magistrate Judge is correct.

As an initial matter, Plaintiff was not deprived of the opportunity to brief this term—the Report itself responds to Plaintiff's own arguments. Docket No. 79 at 7–8. Moreover, the Magistrate Judge did not improperly narrow the plain meaning of "predetermined time." Relying on the disclosure, and the claim language itself, the Report correctly rejects Plaintiff's proposed broadening of the term "predetermined time" to "***be*** the occurrence of an event." *Id.* (emphasis added). The Report relies on the ordinary meaning of "time," and the specification, to show that "time" is consistently treated as a value, not as an event. *Id.* at 8; *see also e.g.*, '106 Patent at [57]; *id.* at 2:21–27; *id.* at 2:57–59; *id.* at 3:37–39. This intrinsic evidence shows the Report's construction does not narrow the claim or import a negative limitation—it properly applies the plain and ordinary meaning. While the Report gives non-exclusive examples of what a "predetermined time" may be, the Report does not restrict the term to the specific values provided as examples (*e.g.*, 10 milliseconds or 8 seconds). *Compare* Docket No. 79 at 7–8 *with* Docket No. 89 at 2. Because the findings of the Magistrate Judge as to the "predetermined time" term are

neither clearly erroneous nor contrary to the law, the Court need not modify or set aside any part of the memorandum opinion. *See id.*; *see also* FED. R. CIV. P. 72(a). Accordingly, it is

**ORDERED** that Plaintiff's objections are **OVERRULED**.

**So ORDERED and SIGNED this 22nd day of October, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE