IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WIRELESS ALLIANCE, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00095-RWS-RSP |
| | § | (LEAD CASE) |
| AT&T MOBILITY LLC, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Strike the Testimony of Defendants' expert Craig Bishop filed by Plaintiff Wireless Alliance ("WA"). Dkt. No. 108. For the reasons discussed below, the Court **DENIES** the Motion.

**I.   LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various

factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.   ANALYSIS

Plaintiff argues that Defendants inappropriately use Bishop to establish the public availability of 3GPP documents despite him not having the "specialized or personal knowledge about public availability of 3GPP documents" because he is "a layperson with no connection to the

actual documents." Dkt. No. 108 at 3, 4. The crux of Plaintiff's argument is that Bishop's "opinion is based on nothing more than his subjective, speculative belief that the information displayed on 3GPP's website is accurate and indicates when the documents were first made publicly available." *Id.* at 5–6. WA then attempts to equate Defendants' reliance on Bishop's report to relying on unauthenticated printouts from the internet by using a declaration from a third-party. *Id.* at 7. Defendants counter that this Court has already determined the reliability of Mr. Bishop's opinions regarding 3GPP availability. Dkt. No. 132 at 2. Specifically, they rely on *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, where this Court credited Mr. Bishop's declaration in granting a motion for summary judgment on the public availability of 3GPP documents. No. 2:21-CV-00113-JRG, Dkt. No. 229 at 10 (E.D. Tex. Mar. 16, 2022); Dkt. No. 132 at 3. Defendants also argue that Mr. Bishop is qualified to opine on 3GPP publication dates based on his extensive experience with 3GPP and ETSI. Dkt. No. 132 at 4.

The Court acknowledges that the Court in the *Ericsson* case reviewed Mr. Bishop's declaration when considering a summary judgment motion not a *Daubert* motion but does not believe that that distinction is relevant here. The Court find that Plaintiff's arguments demonstrate disputes regarding credibility, as opposed to reliability, and accordingly can be properly addressed through vigorous cross-examination and presentation of contrary evidence. Accordingly, Plaintiff's Motion is **DENIED.**

**SIGNED this 22nd day of October, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE