IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WIRELESS ALLIANCE, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> AT&T MOBILITY LLC, ET AL., § <br> § <br> *Defendants*. § | CIVIL ACTION NO.  2:23-CV-00095-RWS-RSP <br> (LEAD CASE) |

### MEMORANDUM ORDER

Before the Court is the Motion to Strike the Testimony of Plaintiff's expert Dr. Todor Cooklev filed by Defendants. Dkt. No. 109. For the reasons discussed below, the Court **GRANTS-IN-PART AND DENIES-IN-PART** the Motion.

**I.     LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various

factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.  ANALYSIS

### A.  DR. COOKLEV'S '383 Infringement Theories

Defendants argue that WA's infringement contentions failed to inform Defendants of WA's infringement theories and thus portions of Dr. Cooklev's report should be struck. Dkt. No. 109 at 8.

Specifically, Defendants complain of Dr. Cooklev's gNodeB ID Theory and NR-DC Theory which they claim were not part of Plaintiff's infringement contentions. *Id.* Plaintiff responds that while their infringement contentions did not specifically mention the gNodeB ID, their contentions focus on Defendants' multi-connectivity functionality in general. Dkt. No. 142 at 3. Plaintiffs point to their reference to an "SgNB Addition Request" in their infringement contentions which Dr. Cooklev's report explains uses the gNodeB identifier. *Id.* Plaintiff next points out that their infringement contentions depict MR-DC which includes NR-DC. *Id.* at 4 (citing Dkt. No 142-2 at 2-3). The Court is convinced that Defendants were put on adequate notice of these theories and thus denies Defendants' motion to strike Dr. Cooklev's '383 theories

### B. DR. COOKLEV'S '106 & '662 ("SCell PATENTS") THEORIES

Defendants raise similar arguments about the '106 and '662 patents. Here, they argue that Dr. Cooklev states a new HARQ Timing theory that was not disclosed in the infringement contentions and thus should be struck. Dkt. No. 109 at 11. WA responds that its infringement contentions explicitly mention HARQ. Dkt. No. 142 at 9 (quoting Dkt. No. 142-12 at 4). The Court is convinced that Defendants were put on adequate notice of these theories and thus denies Defendants' motion to strike Dr. Cooklev's '106 & '662 theories.

### C. DR. COOKLEV'S WILLFULNESS OPINIONS

Lastly, Defendants argue that Dr. Cooklev's opinions regarding willfulness should be struck. Dkt. No. 109 at 13. They argue that Dr. Cooklev is Plaintiff's technical expert, but his opinions regarding willfulness are not technical at all. Dkt. No. 109 at 13. They further argue that his report merely summarizes evidence without offering any expert opinions. *Id.* at 14. Plaintiff responds that Dr. Cooklev should be permitted to use his "technical expertise and experience to examine relevant facts and opine regarding willful infringement. Dkt. No. 142 at 13. Dr. Cooklev is permitted to discuss his opinions on the technical issues he has examined. But he will not be

3

permitted to testify as to his opinions about the state of mind or intent of the Defendants that he believes is reflected by these technical issues. The jury will be instructed concerning the evidence necessary to prove willfulness and it will be up to them to determine whether Plaintiff has met that standard through Dr. Cooklev and other evidence. Accordingly, the motion to strike is granted to that extent.

### III. CONCLUSION

For the reasons discussed above the Motion is **DENIED** regarding Dr. Cooklev's infringement theories and **GRANTED** as described above regarding his willfulness opinions.

**SIGNED this 23rd day of October, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE