IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WIRELESS ALLIANCE, LLC, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § CIVIL ACTION NO. 2:23-CV-0095-RWS-RSP |
| | § (LEAD CASE) |
| AT&T MOBILITY LLC, ET AL., | § |
| | § |
| *Defendants*. | § |

## MEMORANDUM ORDER

Before the Court is the Motion to Strike the Testimony of Defendants' expert Dr. Wicker filed by Plaintiff Wireless Alliance, LLC. Dkt. No. 112. For the reasons discussed below, the Court **GRANTS** the Motion only **IN PART**.

### I. LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various

factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.   ANALYSIS

### A.  RELYING ON BISHOP

Plaintiff first argues that Dr. Wicker's invalidity opinions should be stricken because they rely on another of Defendants' experts, Craig Bishop, and Plaintiff seeks to strike Bishop's

testimony. Dkt. No. 112 at 1. In another order (Dkt. No. 242), the Court denied WA's Motion to Strike Bishop, thus this argument is moot.

### B. TIMELINESS OF WICKER'S OPINIONS REGARDING ESSENTIALITY

WA argues that because it is Defendants' burden to prove essentiality, they needed to disclose these arguments in their opening expert report, not a rebuttal report. Dkt. No. 112 at 4. Defendants respond that no case has held that essentiality opinions need to be disclosed in opening reports, and that Dr. Wicker's opinions respond directly to Dr. Cooklev's and thus are properly in the rebuttal report. Dkt. No. 138 at 3–4. In this case it is Defendants' burden to prove essentiality, should they choose to do so, because they are the only party in any way asserting that the patents are essential.[1] The Court next looks at the *Longhorn* factors to determine whether to excuse Defendants' untimely report.

First, Defendants argue that the delay was justified because there is no case law showing that essentiality opinions must be disclosed in opening reports. *Id.* at 5. The Court is unpersuaded by this argument because the Docket Control Order is clear when it says that "the deadline to serve disclosures for expert witnesses by the party with the burden of proof is June 17, 2024." Dkt. No. 98.

Next, Defendants contend that Dr. Wicker's opinions on essentiality are important because Plaintiff allegedly represented that the patents in suit are standard essential and offered them on FRAND terms, so Dr. Wicker's opinions on essentiality "provide a basis on which the jury could find that Wireless Alliance is subject to FRAND obligations." Dkt. No. 138 at 5. This position further highlights that the burden is on Defendants to prove essentiality (and that Defendants are aware of that). The Court is not convinced that Dr. Wicker's essentiality opinions are critical to

---

[1] Defendants contend that they do not affirmatively contend that the patents are essential, but they clearly assert that under Dr. Cooklev's infringement read the patents are essential. Dkt. No. 138 at 3 (citing Dkt. No. 138-3 at ¶¶ 191–92).

3

Defendants' case because Defendants did not provide an opening report that set forth such a position, and they maintain that the patents are not essential, unless the jury finds that they are infringed. Accordingly, this factor favors striking Dr. Wicker's essentiality opinions. This Order does not address whether Defendants may rely on other evidence to show that Plaintiff offered the patents on purportedly FRAND terms, or alleged that the patents were standard essential.

Third, Defendants contend that Wireless Alliance is not prejudiced by Defendants disclosing Dr. Wicker's opinion in a rebuttal report. *Id.* They argue that Plaintiff's expert, Dr. Cooklev, in his opening report discusses essentiality and acknowledges that Defendants may argue that the patents are essential. *Id* (citing 138-4 ¶ 520). Thus, Defendants claim that Plaintiff had ample opportunity to address essentiality. *Id.* WA claims that it has been "substantially prejudiced by its inability to respond to Wicker's testimony" because there is no opportunity for a reply report. Dkt. No. 112 at 5. While Plaintiff may have been aware of the possibility of Defendants making an essentiality argument, the Court believes that Plaintiff is unfairly prejudiced by not being able to respond to Defendants' expert's opinions regarding essentiality—a matter which the Defendants bear the burden to prove. The Court does not address the continuance prong because neither party suggests that a continuance is warranted.

Based on the above analysis, the Court grants Plaintiff's Motion as to Dr. Wicker's essentiality opinions, accordingly Paragraphs 185 through 192 of Wicker's rebuttal report are stricken.[2]

---

[2] Since the Court strikes Paragraphs 185–92 of Wicker's report, the Court does not address Plaintiff's argument about Wicker's Opinions about "Technical Feasibility" because they are entirely contained in the stricken paragraphs.

### C. NON-INFRINGING ALTERNATIVES

Next, Plaintiff objects to Dr. Wicker's opinions about non-infringing alternatives ("NIA"). Dkt. No. 112 at 8. Specifically, Plaintiff argues that Dr. Wicker's opinions about non-infringing alternatives lack any analysis regarding commercial acceptability. *Id.* Defendants point to specific paragraphs of Dr. Wicker's report where he analyzes the commercial acceptability of his proposed NIA. Dkt. No. 138 at 9, 10 (quoting 138-2 ¶¶ 280, 281, 282, 284; 138-1 ¶¶ 407, 408, 409). Having reviewed the relevant portions of Dr. Wicker's report, the Court is satisfied with the level of analysis regarding the commercial acceptability of the proposed non-infringing alternatives.

Plaintiff also objects to Dr. Wicker's non-infringing alternatives opinions as irrelevant and confusing because Defendants do not address non-infringing alternatives in their damages case. Dkt. No. 112 at 11. Defendants counter that their damages expert, Mr. Inglish, does rely on Dr. Wicker's NIA opinions as part of his damages opinions. Dkt. No. 138 at 11–12. Having reviewed the relevant portions of Mr. Inglish's report, the Court determines that Mr. Inglish does rely on Dr. Wicker's NIA opinions, at least in part. *See* Dkt. No. 138-13 ¶¶ 87–91. The Court declines to strike this portion of Dr. Wicker's report.

Finally, Plaintiff objects to Dr. Wicker including new opinions about non-infringing alternatives in his rebuttal report. Dkt. No. 112 at 12. Defendants respond that Dr. Wicker's rebuttal report directly responds to Dr. Cooklev's report and thus is entirely proper. Dkt. No. 138 at 12–14. Having reviewed the relevant portions of Dr. Wicker's rebuttal report and Dr. Cooklev's opening report, the Court determines that Dr. Wicker's rebuttal report is responding to Dr. Cooklev's report and is thus proper. *See* Dkt. Nos. 138-3 ¶¶ 182-184 (Dr. Wicker's Rebuttal); 138-4 ¶¶ 514-515 (Dr. Cooklev's Opening Report). Therefore, the Motion to Strike Dr. Wicker's rebuttal opinions is denied.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Strike regarding Dr. Wicker's essentiality opinions and **DENIES** the other parts of the Motion.

**SIGNED this 27th day of October, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE