IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WIRELESS ALLIANCE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00095-RWS-RSP |
| | § | (LEAD CASE) |
| AT&T MOBILITY LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Strike the Testimony of Defendants' expert Paul Carpenter filed by Plaintiff Wireless Alliance, LLC. Dkt. No. 114. For the reasons discussed below, the Court **GRANTS** the Motion only **IN PART**.

**I.    LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various

1

factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.  ANALYSIS

### A.  FRAND OPINIONS

First, Plaintiff objects to Carpenter's opinions because they assume, without support, that the patents are FRAND encumbered. Dkt. No. 114 at 6. The Court has recommended granting

summary judgment that the '383 Patent is not FRAND encumbered, and denying summary judgment about FRAND for the other two patents in suit. *See* Dkt. No. 235. Defendants do not suggest any reason that Mr. Carpenter should be able to discuss FRAND issues for the '383 Patent. *See* Dkt. No. 134 at 5. Accordingly, the portion of Mr. Carpenter's report that discusses FRAND obligations for the '383 Patent is hereby **STRICKEN**. This part of the motion is denied as to the '106 and '662 Patents.

### B. CARPENTER'S METHODOLOGY & EXPERIENCE

Next, Plaintiff objects to Carpenter's report because it contends that he is not qualified to provide the opinions expressed therein. Dkt. No. 114 at 7. Specifically, WA argues that since Mr. Carpenter is not an economist, he cannot offer the requisite economic analysis to gauge non-discrimination. *Id.* Mr. Carpenter offers the opinion that a licensor violates the non-discrimination requirement of FRAND if its offer is not "commensurate" with past licenses (e.g., ¶¶ 41 and 169 of Dkt. No. 114-2). Defendants offer no legal support for his use of this standard, which the Court finds is overly simplistic and not helpful to the jury. See generally, *HTC Corporation v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476 (5th Cir. 2021). Because there is no evidence that Mr. Carpenter used the correct legal and economic analysis to determine whether a license is non-discriminatory for purposes of FRAND, any opinions as to that ultimate issue by Mr. Carpenter are hereby **STRICKEN**.

Plaintiff also complains of Mr. Carpenter's lack of expertise and qualifications to conduct detailed financial analysis because he is an engineer not an economist and has never independently provided damages opinions. Dkt. No. 114 at 9. Defendants respond that Mr. Carpenter has decades of real-world experience on the matters he opines on. Dkt. No. 134 at 4. The Court is satisfied with Mr. Carpenter's expertise, and that his analysis may be helpful to the jury, and will not strike his

testimony on this ground.

### C. CARPENTER'S REBUTTAL OPINIONS

Plaintiff also objects to Carpenter's rebuttal opinion to Plaintiff's damages expert Mr. Bergman because Mr. Carpenter is not an economist. Dkt. No. 114 at 10. Defendants respond that Mr. Carpenter "merely rebuts factual misstatements and misconceptions by Plaintiff's expert." Dkt. No. 134 at 7. Plaintiff offers no persuasive legal analysis in support of its proposition, so the Court declines to strike this portion of Carpenter's report.

### D. OTHER OBJECTIONS

Plaintiff also objects to Mr. Carpenter's comparability analysis because he did not establish the technical and economic comparability of the licenses that he discusses. Dkt. No. 114 at 12 citing (*Lucent Techs., Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1327 (Fed Cir. 2009)). Plaintiff argues that in particular the Samsung PLA is not a comparable license for a variety of reasons. *Id.* Finally, Plaintiff objects to Carpenter's criticism of Bergman for again not including technical or economic comparability opinions. *Id.* at 13. Defendants respond that Mr. Carpenter examines the Samsung license and opines on differences from the hypothetical negotiation. Dkt. No. 134 at 10. Additionally, Defendants respond that Plaintiff's citation to *Lucent* does not support its assertion. *Id.* at 11. Technical comparability is not a convincing issue since the licenses include the patents in suit and related families. The economic comparability is what the relevant experts are exploring. Plaintiff may vigorously cross-examine Mr. Carpenter about any deficiencies in his analysis. The Court is not persuaded by these objections.

### E. CARPENTER'S RELIANCE ON DELGADO

Next, Plaintiff objects to Carpenter's reliance on Patricio Delgado, an employee of intervenor Ericsson, because Delgado was not disclosed to Plaintiff under FRCP 26. Dkt. No. 114

4

at 14. Defendants respond that the statement from Mr. Delgado that Mr. Carpenter relied on is not an expert opinion, but a factual statement which is allowed under FRCP 703. Dkt. No. 134 at 12 (quoting Dkt. No. 114-2 at ¶ 160). It is difficult for the Court to determine the importance of this testimony (an estimation of the percentage of patent families for which claim charts could be developed for infrastructure equipment). However, the Court does conclude that this is an opinion and that it was not timely disclosed. Accordingly, any testimony relying upon the opinion by Mr. Delgado is hereby **STRICKEN**.

### F.  CUMULATIVE NATURE OF CARPENTER'S REPORT

Finally, Plaintiff objects to Carpenter's report as being duplicative of Mr. Inglish's report and thus prejudicial because the jury may give undue weight to the duplicative testimony. Dkt. No. 114 at 14-15. Plaintiff does not provide sufficient detail of the perceived overlap between the two experts for the Court to make a reasoned determination. The Court also notes that Defendants have committed to the Court that they will not present cumulative parts of the reports through both experts. Dkt. No. 188 at 7. Accordingly, no relief is justified on this issue.

### III.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion only as set forth above.

**SIGNED** this 27th day of October, 2024.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE