# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| WIRELESS ALLIANCE, LLC, | § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00095-RWS-RSP |
| AT&T MOBILITY LLC, ET AL., | § § § | (LEAD CASE) |
| *Defendants*. | § § | |

## **MEMORANDUM ORDER**

Before the Court is the Motion to Disqualify Plaintiff's Expert, Dr. Jon Putnam filed by Intervenor Ericsson Inc. **Dkt. No. 100**. For the reasons discussed below, the Court **DENIES** the Motion. Ericsson presents two separate bases for disqualification. First, they argue that Dr. Putnam's contract prohibits him from "working adverse to Ericsson," and second that the *Koch v. Boudreaux* factors are met. *Id.* at 3.

In determining whether an expert should be disqualified, the Court asks two questions:

First, was it objectively reasonable for the first party who claims to have retained the expert to conclude that a confidential relationship existed?
Second, was any confidential or privileged information disclosed by the first party to the expert?

*Koch Ref. Co. v. Jennifer L. Boudreaux M/V*, 85 F.3d 1178, 1181 (5th Cir. 1996). "Only if the answers to both questions are affirmative should the witness be disqualified." *Id*. The Court finds that neither basis justifies disqualifying Dr. Putnam.

The Court first addresses the contractual basis. Ericsson does not cite any case law in support of the proposition that a Court should disqualify an expert witness based on the argument that he may be in violation of a clause in a contract such as the one presented here. *See* Dkt. No. 100 at 3. The Court is unpersuaded by this argument. Accordingly, the Court does not reach any interpretative issues associated with the contract language, nor any choice of law or statutory limits

1

on non-compete clauses. *See* Dkt. No. 104 at 5. This Order does not foreclose Ericsson from pursuing a breach of contract cause of action, should it choose to do so.

Next, the Court addresses the *Koch* factors. The Court finds that the first factor is met. Dr. Putnam has worked with Ericsson on several other litigations as a FRAND expert, including as a testifying witness in other trials. Dkt. No. 100 at 1. Additionally, Dr. Putnam's engagement letter includes a confidentiality and conflict of interest clause. *Id.* at 2; Dkt. No. 100-2 at 2. Thus, the Court finds that Ericsson's belief of confidentiality is objectively reasonable. *See Koch*, 85 F.3d at 1182.

However, the Court does not believe that there is a sufficient nexus between the potentially confidential information Dr. Putnam acquired from previous work for Ericsson and his work for Plaintiff in this litigation. Such information would include "discussion of the [retaining party's] strategies in the litigation, the kinds of experts [the party] expected to retain, [the party's] views of the strengths and weaknesses of each side, the role of each of the [party's] witnesses to be hired, and anticipated defenses." *Id*. Ericsson claims that Dr. Putnam has learned of Ericsson's FRAND and damages strategies during previous engagements and may use this confidential information in the instant case. Dkt. No. 100 at 5, 6. The present case does not implicate Ericsson's FRAND policies because it is Defendants (and not Ericsson) who allege that *Plaintiff* violated its FRAND obligations. *See* Dkt. No. 104 at 5. Additionally, Plaintiff does not assert infringement against Ericsson and does not seek damages from Ericsson, nor is there any evidence of Ericsson owing any indemnity obligations to Defendants. *Id.* Any potentially confidential information that Dr. Putnam received from Ericsson relates to Ericsson's role as a licensor rather than a licensee, thus Ericsson's FRAND positions are not relevant here. The Court finds that Ericsson does not meet its burden to disqualify an expert by only showing a general overlap in the subject matter of previous engagements, such as both being "FRAND related." *See Koch*, 85 F.3d at 1182; *Wapp Tech Ltd.*

2

*P'ship v. Seattle SpinCo, Inc.*, No. 4:18-cv-00469, 2020 U.S. Dist. LEXIS 206348, at *5–*6 (E.D. Tex. Nov. 4, 2020)

It is therefore **ORDERED** that Ericsson's Motion to Disqualify Dr. Putnam is **DENIED.**

**SIGNED this 29th day of October, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE