IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WIRELESS ALLIANCE, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:23-CV-00095-RWS-RSP |
| | § | (LEAD CASE) |
| AT&T MOBILITY LLC, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ON MOTIONS *IN LIMINE*

At the Pretrial Conference held in the above-captioned case on September 30, 2024, the Court considered the motions *in limine* filed by Plaintiff Wireless Alliance, LLC. ("WA"), (Dkt. No. 164) and Defendants AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, T-Mobile USA, Inc. and Intervenors Ericsson Inc., and Nokia of America Corporation, (Dkt. No. 156). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

### A. WA's Motions *in Limine* (Dkt. No. 164)

1. Plaintiff MIL No. 1: No improper expert opinions.

   This motion *in limine* is **DEFERRED** as duplicative of Plaintiff's *Daubert* motions.

2. Plaintiff's MIL No. 2: Exclude Carpenter and Bishop from providing factual testimony outside of their expertise.

   This motion *in limine* is **DENIED** to the extent that it goes beyond Plaintiff's *Daubert*

motions for Carpenter and Bishop, and will be left for contemporaneous objections as appropriate.

3. Plaintiff's MIL No. 3: No reference to "Discrimination" and "Favorable Treatment" of Korean Entities

This motion *in limine* is **DENIED.** It is permissible to use the words "discriminatory" and "discrimination" in discussing FRAND.  The Court further  directed the parties to Agreed Motion *in limine* No. 2 which forbids any argument or evidence that reflects issues regarding ethnicity, national origin, and other such matters, and that will be enforced by objection to Judge Schroeder.

4. Plaintiff's MIL No. 4: No reference to non-comparable licenses.

This motion *in limine* is **GRANTED-IN-PART.** If any expert has provided a comparability finding (technical or economic) then the parties may discuss the financial terms of the agreement. If no expert has provided a comparability finding, then there shall be no discussion of the financial terms of the agreement.

The Court initially carried the determination of whether the Intellectual Discovery/Nokia license falls within this motion *in limine* and directed the parties to brief the issue.  Having considered the supplemental briefs (Dkt. Nos. 226 and 232), the Court finds that the patents at issue in the Nokia-ID license are technically comparable to the patents in suit (see Dkt. No. 232 at 2).  Furthermore, Defendants' expert, Mr. Carpenter performed an analysis of the Nokia-ID license in an effort to facilitate the economic comparison with the patents in suit.  Accordingly, the Nokia-ID license is not within the scope of this MIL and its financial terms may be discussed before the jury.

5. Plaintiff's MIL No. 5: Exclude References to Post-Issuance Patent Office Proceedings

This motion *in limine* is **GRANTED** because the prejudicial, distracting and confusing

2

nature of these references far outweighs their probative value.

6. <u>Plaintiff's MIL No. 6</u>: Exclude References to Privileged Communications and Intervenors' actions to rebut willfulness allegations

This motion *in limine* is **GRANTED** to the extent of any communications as to which Defendants and Intervenors have asserted privilege, they are not to raise in front of the jury without first obtaining leave.

7. <u>Plaintiff's MIL No. 7</u>: Exclude Arguments about FRAND Breach of Contract or any Violation of a FRAND Encumbrance

This motion *in limine* is **DENIED.**

8. <u>Plaintiff's MIL No. 8</u>: Judge Gilstrap's Other Court MILs

The request for *in globo* adoption of such MILs is denied. However, as to the following:

    i. <u>Judge Gilstrap's MIL No. 12</u>: This motion *in limine* is **GRANTED** to the extent of precluding inquiry about the source of funding of the litigation and the attorney fee compensation. It does not prevent questions regarding the financial interest of any witness.

    ii. <u>Judge Gilstrap MIL No. 18</u>: This motion *in limine* is **GRANTED** to the extent of prohibiting comparisons of the accused product or method to the preferred embodiments, the specification, or any non-accused product or method..

    iii. <u>Judge Gilstrap's MIL No. 19</u>: This motion *in limine* is **GRANTED** to the extent that the parties shall be precluded from introducing evidence, testimony, or argument suggesting that a verdict in one party's favor would impact the cost of goods or services.

**B. Defendants' Motions *in Limine* (Dkt. No. 156)**

1. <u>Defendants' MIL No. 1</u>: Preclude Wireless Alliance's Fact Witnesses or Corporate

Representative from Offering Evidence, Argument, Testimony, or Opinions Regarding the Value of the Patents

This motion *in limine* is **GRANTED** to the extent that Plaintiff's *fact* witnesses may not testify to a dollar value of the patents, but they may discuss facts that bear upon value.

2. <u>Defendants' MIL No. 2</u>: Preclude Mr. Bernstein From Offering Testimony as to Matters for Which He Lacks Personal Knowledge and Based His Deposition Testimony on Input from Counsel

This motion *in limine* is **DENIED.** Defendants may raise these issues by contemporaneous objection at trial.

3. <u>Defendants' MIL No. 3</u>: Preclude Facts Witnesses for WA from Offering Evidence, Argument, Testimony, or Opinions About the Technical Benefits, or Infringement and Validity of the Patents-in-Suit

This motion *in limine* is **DENIED.** Defendants may raise contemporaneous objections to testimony that conflicts with previous assertions of privilege.

4. <u>Defendants' MIL No. 4</u>: Preclude Evidence, Argument, Testimony, or Opinions of Large Revenue Numbers

    i. Large, Industry-Wide Revenue and Investment Numbers:

    This part of the motion *in limine* is **GRANTED** by agreement of the parties.

    ii. Large Subscriber Revenue Numbers

    The Court denies this part of the motion *in limine* as reflected in the ruling on the *Daubert* challenge to Mr. Bergman (Dkt. No. 245 at 3).

**SIGNED this 29th day of October, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE