IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WIRELESS ALLIANCE, LLC <br> Plaintiff <br> v. <br> AT&T MOBILITY LLC ET AL, <br> Defendant. | § § § § § § § | CASE NO. 2:23-CV-95-RWS-RSP <br> CONSOLIDATED – LEAD CASE |
| v. <br> T-MOBILE USA, INC., <br> Defendant. | § § § § § § | CASE NO. 2:23-CV-96-RWS-RSP |
| v. <br> Cellco Partnership d/b/a Verizon Wireless <br> Defendant. | § § § § § | CASE NO. 2:23-CV-97-RWS-RSP |

# ORDER

Before the Court are several motions for summary judgment filed by both parties: (1) Plaintiff Wireless Alliance, LLC's Motion for Partial Summary Judgment that the 3GPP Documents are not Prior Art (Docket No. 110); (2) Plaintiff Wireless Alliance, LLC's Motion for Partial Summary Judgment that the Asserted Patents are not FRAND Encumbered and Denying Defendants' Thirteenth Affirmative Defense (Contractual Limitation on Damages—FRAND) (Docket No. 111); (3) Defendants' and Intervenors' Motion for Partial Summary Judgment for Lack of Standing (Docket No. 113); and (4) Plaintiff Wireless Alliance, LLC's Motion for Partial Summary Judgment on Defendants' and Intervenors' Third Affirmative Defense (Docket No. 115). The Magistrate Judge issued reports and recommendations for each of these motions on October 21 and 23, 2024. Docket Nos. 235, 236, 241, 243. Upon review of the record and the reports of the Magistrate Judge, the Court has determined that the unobjected-to reports (Docket

Nos. 235, 241, 243) are correct and that Defendants' objections fail to show that the remaining report (Docket No. 236) was erroneous. Accordingly, the Court **ADOPTS** the reports of the Magistrate Judge (Docket Nos. 235, 236, 241, 243) as the opinions of the Court.

## BACKGROUND

Plaintiff filed suit against AT&T Services Inc., AT&T Mobility LLC, AT&T Corp., T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless on March 7, 2023. *See* Nos. 2:23-cv-95, 2:23-cv-96, 2:23-cv-97. Plaintiff alleged that certain of Defendants' base stations willfully infringe U.S. Patent Nos. 9,144,106 ("the '106 Patent"), 9,565,662 ("the '662 Patent"), and 10,045,383 ("the '383 Patent"). *See, e.g.*, Docket No. 1.[1] These cases were referred to United States Magistrate Judge Roy S. Payne in accordance with 28 U.S.C. § 636 and consolidated. Docket Nos. 23. Ericsson Inc. and Nokia of America Corporation intervened in this suit on August 23, 2023. Docket Nos. 38–43. Trial begins Monday, November 4, 2024.

The parties filed several motions for summary judgment. Docket Nos. 110, 111, 113, 115. These motions were fully briefed. Docket Nos. 135–137, 140, 160–162, 165, 179, 186, 189, 191, 195. The Magistrate Judge issued reports and recommendations for each of these motions on October 21 and 23, 2024. Docket Nos. 235, 236, 241, 243. The parties were given until October 28, 2024 to object. *See, e.g.*, Docket Nos. 235 at 5, 236 at 6, 241 at 4. Defendants objected to the Magistrate Judge's Report and Recommendation regarding Defendants' motion for partial summary judgment for lack of standing. *See* Docket No. 253. No objections to the remaining reports have been filed.[2]

---

[1] Unless stated otherwise, all cites refer to docket entries in the lead case, Case No. 2:23-cv-95.

[2] Defendants' objections to one of the Magistrate Judge's orders (*see* Docket No. 254) will be addressed in a separate order.

## LEGAL STANDARD

For portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected, the Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1). For reports, or portions of reports, where no objection have been received, the parties are barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203- RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021). Furthermore, where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law." *See Martin v. Driskell,* No. 6:19-CV-311-JDK-KNM, 2023 WL 5827586, at *1 (E.D. Tex. Sept. 7, 2023) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## ANALYSIS

### I. The Unobjected-To Reports Are Correct

First, the Magistrate Judge recommended granting summary judgment that the '383 Patent is not subjected to FRAND encumbrance and denying summary judgment that the '106 and '662 Patents (the "SCell Patents") are not FRAND encumbered. Docket No. 235 at 5. Defendants did not meet their burden of proof to show that the '383 Patent is essential. *Id.* at 2–4. Defendants did not proffer evidence that Plaintiff declared to the relevant standard body that the '383 Patent was essential, nor did Defendants provide any evidence that a standard body found that the '383 Patent

was essential. *Id.* at 3. Accordingly, the Magistrate Judge correctly found that there is no genuine issue of material fact that the '383 Patent is not FRAND encumbered.

With regard to the SCell Patents, the Magistrate Judge found that there are genuine issues of material fact regarding whether they are FRAND encumbered. *Id.* at 4. Although both parties' experts agreed that the SCell Patents are not essential, Defendants introduced evidence showing that Plaintiff may have represented otherwise. *Id.* Therefore, the Magistrate Judge recommended denying summary judgment because there remains a disputed fact about whether Plaintiff offered the patents in suit on FRAND terms. *Id.* at 4–5. The Magistrate Judge recommended allowing Defendants to introduce evidence of a FRAND offer from Plaintiff as part of the hypothetical negotiation but cautions that Defendants may not argue the SCell patents are encumbered without establishing the conditions precedent. *Id.* at 5. The Court finds no clear error in this recommendation.

Second, the Magistrate Judge recommended granting in part and denying in part summary judgment on Defendants' and Intervenors' third defense. Docket No. 241 at 1. The Magistrate Judge recommended granting summary judgment on Defendants' Section 252 (effect of reissue) and Section 288 (actions involving invalid claims) defenses because Defendants did not offer any evidence in support. *Id.* at 2. The Magistrate Judge also recommended that summary judgment is not necessary or proper as to Section 286 (time limitation on damages) defense, as Plaintiff would not be able to recover for infringement committed more than six years prior to the filing of the complaint. *Id.* at 2–3. As to the Section 287 (marking) defense, the Magistrate Judge found that there is a genuine question of fact as to whether Plaintiff unmistakably put Defendants on notice which of Defendants' products were accused of infringement and therefore summary judgment is not appropriate. *Id.* at 3. The Court finds no clear error in this Report.

Third, the Magistrate Judge recommended denying summary judgment that the 3GPP documents are not prior art. Docket No. 243 at 1. This is because Plaintiff's summary judgment argument depends entirely on its concurrently filed Motion to Strike Craig Bishop (Docket No. 108), which was denied. *See* Docket No. 242. Because the predicate of Plaintiff's argument was not met, the Magistrate Judge determined that there is still a matter of genuine dispute. Docket No. 243 at 2. There is no clear error here.

In conclusion, the Court has reviewed the pleadings in this case and the unobjected-to Reports of the Magistrate Judge. Upon such review, the Court has determined that the unobjected-to Reports are correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.")

## II.  Defendants' Objections Are Without Merit

The objected-to Report recommended denying Defendants' motion seeking summary judgment based on Plaintiff's lack of statutory standing. Docket No. 236 at 1. Defendants contend that Electronics and Telecommunication Research Institute ("ETRI"), the original assignee, retained substantial rights when the '106 and '662 Patents were assigned to Intellectual Discovery Co., Ltd. ("ID"). Docket No. 113 at 7. Specifically, the Report considered Defendants' assertion that there is no standing because ETRI retains (a) the right to sublicense and a right to indulge infringement; (b) the right to collect royalties/damages; (c) the right to audit; and (d) a reversionary interest. *See generally,* Docket No. 236. The Report found that retained rights (a), (c), and (d) did not rise to the level of interfering with Plaintiff's standing. Docket No. 236 at 3–5. As for the retained right to collect royalties/damages, the Report did not view ETRI's retained financial interest as inconsistent with assignment. *Id.* at 4.

Defendants object on three grounds. Docket No. 253 at 3. First, Defendants re-assert that the retained rights to sublicense directly undermines the granting of all substantial rights. *Id.* at 5–6; *see also* Docket No. 113 at 12–16. Defendants also contend that, with regards to the right to indulge infringement and maintain preexisting encumbrances, they could not have shown "that any licenses under this provision were actually granted" because this would require Defendants to initiate a costly discovery campaign against ETRI, a Korean entity that is not a party in this case. Docket No. 253 at 6. Second, Defendants also re-argue their position that ETRI's and ID's entitlement to 90 percent of the proceeds from Wireless Alliance's patent monetization efforts, in combination with ETRI's retained rights and revisionary interests, weigh in favor of finding that Wireless Alliance does not have all substantial rights in the '106 and '662 patents. *Id.* at 6–7; *see also* Docket No. 113 at 17–20. Finally, Defendants assert that ETRI's statement regarding its "intent" to transfer all substantial rights to ID and, ultimately, to Wireless Alliance, is self-serving and shouldn't be credited by the Court. Docket No. 253 at 7.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit.[3]

Defendants mainly re-iterate the arguments that the Magistrate Judge already considered and decided. *Compare* Docket No. 236 at 3–5 *with* Docket No. 253 at 5–7. Such objections are

---

[3] Defendants and Intervenor Ericsson indicated that they intend to pursue a standing challenge with the jury. Docket 247 at 21 n.6. The Court's Order has fully addressed this issue, and Defendants and Intervenor Ericsson may not bring this up at trial.

improper. *See Vela v. Presley,* No. 2:21-CV-00193, 2022 WL 2452139, at *1 (S.D. Tex. July 6, 2022), *aff'd,* No. 22-40484, 2023 WL 3255010 (5th Cir. May 4, 2023) ("Objections are not proper if they merely repeat arguments to which the magistrate judge has already responded."). Nevertheless, upon review, the Court agrees ETRI's retained right to sublicense does not strip Plaintiff of standing because it is analogous to the right retained in *Sol IP, LLC v. AT&T Mobility LLC,* 2020 WL 9938285 at *3 (E.D. Tex. Jan. 20, 2020). And the Court agrees it is improper to perform the line-drawing Defendants request to distinguish the 90 percent rate from existing case law. *See* Docket No. 236 at 4. Furthermore, even if Defendants are correct that ETRI's "intent" declaration submitted 14 years after the agreement does not cure the deficiencies in the ETRI-ID license, the Report did not solely rely on the declaration to find that Wireless Alliance has substantial rights in the patents that would grant it standing to sue. *See* Docket No. 236 at 2.

## CONCLUSION

For the above reasons, it is

**ORDERED** that the reports of the Magistrate Judge (Docket Nos. 235, 236, 241, 243) are **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** Plaintiff Wireless Alliance, LLC's Motion for Partial Summary Judgment that the 3GPP Documents are not Prior Art (Docket No. 110) is **DENIED**. It is further

**ORDERED** that Plaintiff Wireless Alliance, LLC's Motion for Partial Summary Judgment that the Asserted Patents are not FRAND Encumbered and Denying Defendants' Thirteenth Affirmative Defense (Contractual Limitation on Damages—FRAND) (Docket No. 111) is **DENIED-IN-PART** and **GRANTED-IN-PART**. It is further

**ORDERED** that Defendants' and Intervenors' Motion for Partial Summary Judgment for Lack of Standing (Docket No. 113) is **DENIED**. It is further

**ORDERED** that Plaintiff Wireless Alliance, LLC's Motion for Partial Summary Judgment on Defendants' and Intervenors' Third Affirmative Defense (Docket No. 115) is **DENIED-IN-PART** and **GRANTED-IN-PART**.

**So ORDERED and SIGNED this 1st day of November, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE